*484 OPINION of the Court, by
Judge Owsxey.
For the purpose of recovering the possession of a tract of land held by the appellant, this ejectment was brought by the aPPe*Iees ⅛ the court below ; and on the trial of the general issue, they obtained a judgment for one equal moiety of the land.
plaintiff in that court claiming land through the will of Nicholas Governeur, to shew his right produced ⅛ evidence from the records of a court of New-York, rwhere Governeur died) a copy of his will, together with an exemplification ot the proceedings or that court in relation tf> the will, but without any evidence of its having j,een pj.0yen and recorded in a county court of this coun-Whether, therefore, the copy thus exemplified was competent evidence, is the first question for consideration.
The probate of a will as it was granted by a court whose jurisdiction related exclusively to personal matters, although conclusive as to. personal rights, was not, ^ccof'ding to the doctrine of the coiilmon law, admissU ble to prove any thing concerning freehold land. But ifitWs country, ⅝⅝ the county courts possess jurisdic^iecu *485 in all testamentary matters, whether of a landed or ch attel interest, the probate should not only be evidence of personal rights, butalso admissible in all contests where the execution of the will is necessary to beproven. The probate, tobe admissible, must, however, appear to be taken by a court having cognizance of the matter; and as that can only be by some county court of this country, no exemplification of a record from another state will answer the purpose.
A copy exemplified as the one in questiou, would, it is true, authorise the county court where the hind lies, upon due proof, to admit it to record ; and when recorded, a copy from the records, with a certificate of probate, would be evidence of as high dignity as the original; but until recorded in the court of this country there is no decision upon the will by a court of competent jurisdiction; and until then the exemplification from the foreign record constitutes no evidence of the due execution of the will.
The exemplification from the record of the court of New-York was therefore inadmissible, and ought not to have been used as evidence in the court below* But if jt had been properly used, still we should be of opinion that the deed under which Elmendorf claims the* land did not invest him with the legal title.
The Will of Governeur authorises his executors, or a majority of them, to sell and convey the land in contest,; but as the authority is unconnected with an interest, and the deed to Elmendorf was executed by-less than a majority of the executors, according to the settled rules, of the common law the title cannot have thereby passed.
The doctrine of the common law, it istrue, has in this respect been in some measure changed; but upon no fair construction of the statute do we suppose the deed, can be made operative.
By the statute the sale and conveyance of land-devised to be sold, maybe made by such of the executors as undertake the execution of the will; but as the will of Go-verneur has not been admitted to probate in this country, its execution, in the sense intended by the legislature, cannot be said to have been undertaken by any of h& executors.
The judgment must be reversed with costs, the can,⅜ remanded, and further proceedings had not inconsistent ¾¾⅜ this opinion.