BARNES' ADM'R.
*vs*
BRASHEAR *et al.*

boundary of both tracts; and one who enters on that possession, and builds a cabin and locks it up, is not possessed beyond the actual close, and trespass cannot be maintained by the latter against the former for cutting timber on land in his own actual possession.

*E. Smith* for plaintiff.

---

CHANCERY.

Case 126.

## Barnes' Adm'r. *vs* Brashear *et al.*

APPEAL FROM THE BRECKINRIDGE CIRCUIT.

*Proof of wills. Executors and administrators. Foreign executors and administrators.*

May 26.

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

The case stated.

SAMUEL C. BARNES, a citizen of Kentucky, domiciled in Breckinridge county, died in May, 1839, in the State of Mississippi, whither he had gone on a trading and collecting expedition. The most of his personal estate remained in Kentucky when he died; but he had with him at his death a promissory note for about $900, on a citizen of Kentucky and two citizens of Indiana, and

some other articles of personalty which he carried with him.

About six months after his death one *Heavern, as executor*, procured probate in the State of Mississippi, of a document written after his death and purporting to be a nuncupative will, and appointing said *Heavern* executor, with express power to dispose of all his estate as he might deem best.

*Heavern*, immediately after *Barnes'* death, took possession of the said note and other movables of the decedent in Mississippi, and seems to have assigned the note to one *Brashear* before the probate of the nuncupative document.

*Armstead Barnes*, having been qualified as administrator of the decedent in the County Court of Breckinridge, in this State, filed a bill in Chancery against *Brashear* as ostensible assignee of the said note, and against the obligor therein, who resided in the said county, praying for a decree compelling payment to himself as the only person legally entitled thereto.

The debtor in his answer, agreed to pay the amount of the note to a receiver who was appointed to receive and hold it subject to the final decree settling the conflicting claims of the administrator and *Brashear*.

Upon final hearing, the Circuit Court dismissed the bill and directed the receiver to pay the money to *Brashear*, upon his cross bill praying for a decree therefor.

Decree of the Circuit Court.

The administrator now seeks the reversal of that decree, and his counsel has urged many grounds of reversal which cannot be sustained; but there is nevertheless, in our judgment, one ground sufficient for reversing the decree, and that is, that there is no legal proof of a valid will, or of any authority therefore, in *Heavern*, to assign the note, or otherwise to dispose of any of the chattles of the decedent.

Whatever diversities may have once existed, or may still exist, in some other countries, it is now a well settled doctrine of the international code of comity here and in England, that a testamentary disposition of movable property must, *to be valid any where*, be made according to the local law of the testator's domicil at the

A testamentary disposition of movable property must, to be valid any where, be made according to the local law of the testator's domicil

BARNES' ADM'R.
*vs*
BRASHEAR et al.
at the time of
his death.

time of his death: *Stanley* vs *Barnes*, (3*d Hagg. Eccl. Rep.* 373 *to* 465;) *Desebats* vs *Berquier*, (1 *Binn. Penn. Rep.* 336;) *Holmes* vs *Remsen*, (4 *John. Chy. Rep.* 460–9;) *Harvey* vs *Richards*, (1 *Mason's Rep.* 381;) *Dixon's ex'ors.* vs *Ramsey's ex'ors.* (3 *Cranch's Rep.* 319;) *Potinger* vs *Wightman*, (3 *Meriv.* 59;) *Huber de Conflictu Legum; Story on same*, 391–8; *Robertson on Succession*, 191–3, 309–10–11. And these citations clearly prove that testamentary succession to movables, like distribution *ab intestat*, should be determined *ex comitate*, every where by the law of the testator's domicil.

Then, were it admitted that the Probate Court in Mississippi had jurisdiction for any purpose or to any extent, still, as there is neither proof of probate in Kentucky, nor any other evidence of a testamentary act than the fact of probate in Mississippi, there was no proof in this case of a valid will according to the law of the decedent's domicil; for surely the mere fact, as certified, that a nuncupative will had been proved and admitted to record in Mississippi, cannot be admitted as sufficient to show that such a will had been made and proved, as prescribed by the law of Kentucky.

A certified copy of a nuncupative will, purporting to pass property in Ky. proved and recorded in Miss. is not sufficient to show that such a will had been made and proved as the laws of Ky. require.

When the use of *such a will as cannot be effectual here, unless made according to our local law*, becomes necessary as evidence here of a testamentary right, a probate in a foreign forum may authorize a copy to be *proved* and admitted to record in this State, as prescribed by our statutory law; but such copy, however certified, is not, *per se*, any proof of the valid *execution of any* such will. This seems to us to be plain, if not indisputable, and this Court has so decided in the case of *Carmichael* vs *Elmendorf et al.* (4 *Bibb*, 484.)

A devise of land will not be effectual unless made and proved according to the *lex loci rei scitæ*.

In that case it is true, the question was, whether a copy of a paper purporting to be a *devise*, made in a foreign State, of land in Kentucky, and certified from a probate court of the foreign State, as having been proved and recorded in that Court, was admissible as proof of such a devise as passed the land according to our local law; but the obvious principle properly recognized in that decision is equally applicable to this case. That principle is this—that as a devise of land will not be ef-

fectual unless made and proved according to the *lex loci rei scitæ;* therefore, the simple fact that it was adjudged, as sufficiently proven according to the law of a different sovereign, and in a Court unacquainted with the law of · the *situs*, cannot be admitted as sufficient proof to authorize a Court of the country where the land lies to decide that there had been a legal devise of it.   In this case, as the nuncupative will must be void unless made and proved according to the law of the domicil, (Kentucky,) consequently, for precisely the same reason as that which controlled in *Carmichael* vs. *Elmendorf et al.* the probate in Mississippi cannot be admitted to be sufficient proof of such a testament as will be valid according to the only law which can determine its validity, and as to which the foreign Court cannot be presumed either to have adjudged or been competent to decide.   The only presumption, in this respect, authorized by the probate in Mississippi, is, that the Court which granted it considered the evidence sufficient to prove that testamentary words had been uttered, and afterwards reduced to writing according to the law of that State.   But this does not prove or tend to prove a nuncupative will according to the law of Kentucky.

We are, therefore, of the opinion .that there is in this case, no proof of any will legally valid in this State, and consequently, as according to the principle established by the foregoing citations, the document recorded in Mississippi must be deemed void eveiy where, unless it shall be shown to be valid according to the *lex domiclii:* the record fiom Mississippi shows no legal authority in *Heavern* to dispose of the note, by assignment or otherwise, so as to affect the title thereto.

And, waiving, as we must therefore now do, the alledged will, we have no doubt that the domestic administration is legal; and we are of the opinion also, that the complainant, as administrator, may be entitled to collect the amount of the note although it was in Mississippi when the obligee died—first, because it neither appears, nor should be presumed, that there is any auxiliary administrator in Mississippi, nor is there any suggestion or presumption that there are any creditors of the dece-

A nuncupative will, unless proved according to the law of the domicil of the devisor, cannot be admitted as sufficient proof of such testament.

A nuncupative will disposing of assets in Ky. proved in Miss. is not evidence *here* upon the certificate of its proof *there.*

BARNES' ADM'R.
*vs*
BRASHEAR *et al.*

An adm'r. appointed in Ky. to one who, tho' a citizen of Kentucky, died in Miss. has the legal right to collect a bond due to the intestate, tho' it was in decedent's possession in Mississippi at his death, no *legal* ex'or or adm'r there showing right.

dent in that State, for whose benefit such an administrator could claim a prior right to administer on the note— and 2dly, because the note, being now in this State, impounded in this suit, and neither *Heavern* nor Brashear having manifested any right thereto, the Court should not permit either of them to abstract it or the amount of it, and cannot transmit it or the amount of it (collected by the receiver,) to Mississippi, where it does not appear that any creditor of the obligee, or any person entitled to it either resides or asserts claim to it, or would have any authority to make any appropriation of it. Therefore, as the domiciliary administrator is the only person who seems to have a right to collect and appropriate the amount of this note, the Circuit Court ought to have directed the receiver to pay it to him. And, consequently, no question as to locality of assets or priority of title thereto being now material, it is, of course, not necessary to decide whether, in a contest between an *ancillary* administrator in Mississippi, and the principal administrator of the domicil, the note should be adjudged to the latter as assets which he would have the probable right, in the first instance, to control. But had the nuncupative will been established in this case, the assignment by *Heavern*, as executor, deriving express and plenary authority from the will to dispose of all the goods of the decedent, might have passed a legal title to the note, stripped by actual sale, of its pre-existent character as assets. His authority, more comprehensive than that of an administrator, would have been as ubiquitous as that of his testator, excepting only so far as a right to sue in a foreign court might have been involved; he would have had a right to dispose of all the goods even in this State, subject only to the requisition of accounting and distributing here and according to our law; and his authority to assign the note in his possession in Mississippi, would not have depended on the question whether the proceeds would have been assets in that State rather than in this.

But, for the reasons already suggested, neither *Heavern* nor his assignee has shown any title to the note or to the amount of it collected by the receiver; and therefore, the decree in favor of *Brashear* and dismissing the original

Trus.Tran.Uni.
vs
Clay.

bill, is reversed and the cause remanded, with instructions to direct the receiver to pay the whole of the money to Armstead Barnes, as administrator of Samuel C. Barnes, deceased.

*Harlan & Craddock* for appellant; *Morehead & Reed* for appellee.