OLIVER BRYAN, Respondent, *v.* ALONZO C. STEWART, impleaded, etc., Appellant.

One of several executors has no authority to borrow money without the assent of the others, and such assent is not to be assumed from the fact that the loan was for the benefit of the estate.

In an action to recover for moneys alleged to have been loaned to the defendants, it appeared that defendants were executors of an estate, certain lots belonging to which were advertised for sale. Plaintiff's transactions were with defendant F., alone, and it did not appear that the other defendants gave any directions in regard to the loans, or ever promised to pay them. The referee found that the business relating to such sale was, with the assent of defendants, conducted by F., who disbursed large sums on account of the expenses of sale; that plaintiff advanced to him, for the purpose of defraying expenses, the sums mentioned in the com-

plaint; and, as matter of law, said referee found that said advances were for the benefit and at the request of all the defendants, and that they were liable. *Held*, that the conclusions of law were not authorized by the findings of fact; that from the facts that F. conducted the business, and that plaintiff advanced moneys to defray expenses, it did not follow as a necessary or logical result that defendants reaped any benefit therefrom, or requested plaintiff to make the advances.

(Argued December 10, 1880 ; decided December 21, 1880.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made August 13, 1879, reversing a judgment in favor of plaintiff, entered upon the report of a referee, unless plaintiff stipulate to reduce, etc., as stated in opinion, wherein also the nature of the action and the material facts sufficiently appear.

*Rufus W. Peckham* for appellant.

*John S. Lawrence* for respondent. As the defendant, F. J. Barretto, was authorized to act for all in relation to the business of the sale, and the expenses thereof, he had the power to do any act necessary for the effectual accomplishment of the principal purpose. (Paley on Agency, 209 ; *Ferrin* v. *Meyrick*, 41 N. Y. 315 ; *Mead* v. *Shepard*, 54 Barb. 474.) A party cannot take the fruits of a transaction, and reject its burdens. ( *Wilson* v. *Poulter*, 2 Strange, 859 ; *Palmerton* v. *Huxford*, 4 Den. 66 ; *Morey* v. *Webb*, 65 Barb. 22 ; Wharton on Agency, § 89.)

MILLER, J. The General Term, upon the appeal to it, reversed the judgment and ordered a new trial, unless the plaintiff stipulated to deduct the item of $1,000 and interest, in which case it ordered that the judgment be affirmed. The plaintiff made the stipulation required, and the defendants appealed from the judgment as thus modified.

The action was in part for money lent and advanced by the plaintiff to the defendants at three different times. The items

claimed were $1,000, $500 and $200. The evidence showed that the transaction took place with F. J. Barretto alone, one of the defendants, to whom the money was paid. The defendants were all executors of one estate, and there is no evidence that either of them, besides F. J. Barretto, had any thing to do directly with the loans made. Nor does the proof show that the defendant F. J. Barretto assumed to borrow the money on account of the other defendants. The checks were to F. J. Barretto, and no direction in regard to the loans, or express provision to pay the same by the other defendants, is shown. The case arises upon contract, and the question to be determined is, whether the proof shows that the loans were made to the defendants jointly. F. J. Barretto had no authority to bind his associates, either as executors or individually; and unless there was an assent upon their part, they are not liable. We agree with the opinion of the General Term, that the evidence was insufficient to support the judgment as to the item of $1,000. In regard to the other items of money loaned, it must be admitted that the testimony is not very satisfactory. The testimony of the plaintiff as to the item of $500 shows that after the loan of $1,000, F. J. Barretto called again and said the bills came to more money than he thought they would, and he was short of money. The plaintiff remarked to him that he supposed that Barretto was to make the advances, find this money and pay all the bills, as he had said, and that he, the plaintiff, was making them. Barretto replied: "We will have lots of money after the sale;" and the plaintiff then gave him the $500. There was no statement that the money was borrowed on account of the other defendants, or any one but by Barretto himself. He referred to the expenses as being paid by himself alone, and did not request the plaintiff to pay them, or in any way promise that the other defendants would become liable therefor; did not say that they wanted to borrow the money, or in any way intimate that the loan was to them, or otherwise than to himself individually, to whom the $1,000 loan was previously made. The evidence which is relied upon to show that F. J. Barretto was

authorized to borrow money for the other defendants is certainly not very strong. Mr. Stewart's testimony, that he never made any contracts as to the expenses of the sale or in relation thereto, and that he did not know of any being made except by F. J. Barretto, and his remark to the plaintiff that his bill was as good as gold, as well as the statement of Henry C. Barretto that he was not an acting executor, and that he assented to whatever F. J. Barretto did, but he had no money himself to spend for the disbursements of the sale, do not go very far toward showing a promise to pay, or a request to advance the money, or an assumption of personal liability by the other defendants. Nor do the other circumstances which are relied upon by the respondent tend very strongly in that direction. As to the $200, it was also shown that it was loaned on the check of F. J. Barretto; and plaintiff swears that F. J. Barretto said he wanted it to pay for a special train, to take passengers to the place of sale. The evidence is certainly very slight to establish authority in F. J. Barretto to bind the other defendants, or a ratification of his acts in borrowing the money. Conceding that the advances made by him were for the benefit of the estate, it was no more than in the line of his duty, and he was credited for what he paid personally upon the settlement It is at least very questionable whether enough appears to authorize a recovery for the items referred to. But without determining that question, we are of opinion that the findings of the referee, in the record before us, are insufficient to uphold the judgment.

The referee found that on the part of the defendants, the business relating to the sale of the lots belonging to the estate, of which the defendants were executors, was with their assent conducted by the defendant Francis J. Barretto who disbursed several thousand dollars on account of the expenses of such sale; that the plaintiff advanced to said Barretto, for the purpose of defraying expenses which had been or were about to be incurred, the various sums mentioned in the complaint; and as a matter of law, that the several advances and expenditures made by the plaintiff were made and advanced for the

benefit and at the request of all the defendants, and that they were responsible for the repayment thereof. We think that the conclusion of law of the referee was not warranted by the findings of fact. Conceding that Francis J. Barretto conducted the business, and that the plaintiff advanced money to meet the expenses thereof, it by no means follows, as a necessary consequence and logical result, that the defendants reaped any benefit thereby or requested the plaintiff to make the advances. The defendants were executors, and one of them had no authority alone to borrow money without the assent of the others, and such assent is not to be assumed because, as found by the referee, it was for the benefit of the estate. That fact alone does not establish a liability against all of the defendants; nor can they be made jointly liable because they were jointly interested. As no request was found as a matter of fact, the conclusion of law was clearly erroneous; and the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except RAPALLO, J., absent.

Judgment reversed.