AUGUST TERM, 1888. 539

Crowley vs. Hicks and others, Ex'rs, etc.

CROWLEY, Appellant, vs. HICKS and others, Executors, etc., Respondents.

*October 12 — November 8, 1888.*

- *Wills: All executors must unite in executing power to sell land: Equitable conversion: Specific performance of contract.*

1. Where a will, either expressly or by implication, vests in the executors power to sell land, all of the executors must (under sec. 2137, R. S.) join in the execution of such power. An agreement to sell made by two of three executors is not valid or binding upon the third.
2. Though the will directs the executors to convert land into money, such land cannot be treated as personalty and sold by one executor without the consent of the others.
3. A court of equity will not compel ·an executor to join in a conveyance of the testator's land in pursuance of a contract made by the other executors without his approval or consent, where it appears that the dissenting executor is acting in good faith and for the best interests of the estate.

APPEAL from the Circuit Court for *Sawyer* County.

The case is stated in the opinion. The plaintiff appeals from a judgment in favor of the defendants.

*W. F. Bailey*, for the appellant, contended, *inter alia*, that under the provisions of the will the land in question became personal property at the death of the testator; the courts are bound to consider it as subject to the laws of personal property; and the executors took it as executors and not as trustees. *Dodge v. Williams*, 46 Wis. 96; *Webster v. Morris*, 66 id. 370; *Bogert v. Hertell*, 4 Hill, 498; *Arnold v. Gilbert*, 5 Barb. 198. One executor may deal with the personal estate, and sell or dispose of it, without the assent or signature of the others. *Wier v. Mosher*, 19 Wis. 315; *Bogert v. Hertell*, 4 Hill, 492. The statute of powers refers only to *real estate*, and hence has no application to this case. *Kane v. Gott*, 24 Wend. 660. Though to the estate of the testator the land is personal property, yet

to the purchaser it is real estate, to be conveyed to him as such. The right and authority to sell was governed by the character of the property in the executors. The form of the conveyance or transfer, and the manner of execution to insure legal title in the purchaser, must conform to the rules governing that species of property. The conveyance is not the execution of the power; that was executed by the contract to sell. *Demarest v. Ray*, 29 Barb. 563. The difference between executors and trustees is, that executors are but one person in the law, representing the testator, and acts done by any one of them which relate to the estate are deemed the acts of all; while, on the other hand, trustees are several and distinct persons in the law, and the act of all is required to sell or transfer property. *Wheeler v. Wheeler*, 9 Cow. 36; *Douglass v. Satterlee*, 11 Johns. 19; *Murray v. Blatchford*, 1 Wend. 589; *Brennan v. Willson*, 71 N. Y. 503.

The doctrine of equitable conversion rests upon the theory that what is directed to be done is in law presumed to have been done, and therefore must be done immediately, or at least within a reasonable time. And when executors delay unreasonably to sell land, or wilfully or capriciously refuse, the court will compel the sale.

For the respondents *Edward Sargent* and *Louisa M. Webster* (the executors who executed the contract for the sale of the land) there was a brief by *Finch & Barber*.

For the respondent *E. R. Hicks*, there was a brief by *Hooper & Hooper*, and oral argument by *Moses Hooper*. To the point that the equitable conversion did not take the real estate out of the statute relating to powers, they cited *Wilder v. Ranney*, 95 N. Y. 7, 12; *Webster v. Morris*, 66 Wis. 366, 399; *Bogert v. Hertell*, 4 Hill, 492, 507.

COLE, C. J. This is an action to enforce the specific performance of a contract for the sale of real estate, it being

a part of the Webster estate. (See *Webster v. Morris*, 66 Wis. 366.) The written agreement was signed by two of the executors, but the third executor did not sign it, and refuses to carry out the contract by joining in the deed of conveyance. The question is, Will a court of equity, upon the admitted facts, compel a specific performance of the agreement? It seems to us clear that this question must be answered in the negative, unless the agreement is a valid one, or there are some circumstances which show that the dissenting executor, in refusing to join in the conveyance, is acting capriciously and arbitrarily and not for the best interests of the estate.

The first question, then, to be considered, is, Was there a valid agreement made to sell the real estate, or was it necessary that all the executors should join in the contract to make it binding and legal? The court below held that the authority of the executors to dispose of the estate of the testator was a power, the execution of which required the united action of all the executors; or, in other words, that the case was within sec. 2137, R. S., which provides that where a power is vested in several persons all must unite in its execution. The executors were vested with authority under the will to " convert all the real estate not specifically devised, into money." 66 Wis. 399. The learned counsel for the plaintiff seems to suppose, because the court held that this power was necessarily implied from the language of the will, that the above provision did not apply. But this is a mistake. The power to sell, whether expressly granted, or whether arising by implication, is an authority given by the will, and comes precisely within the definition of a power as defined by the chapter on powers, sec. 2102. Whether this authority to sell the real estate or convert it into money is vested in the executors as trustees or not, we deem immaterial. Certainly they have the power by the will itself, and no additional authority or license granted by

the county court to make a sale is necessary. We can see no escape from the conclusion that it was essential to the making of a valid contract for the sale of the real estate that all the executors should unite in the execution of the contract. If the statute means anything, this was absolutely necessary.

It is said, however, that subd. 3, sec. 4971, R. S., authorizes the execution of a power of sale by a majority of the executors. That subdivision does enact that words purporting to give a joint authority to three or more public officers or other persons shall be construed as giving such authority to a majority of such officers or other persons, *unless it shall be otherwise expressly declared in the law giving the authority.* It is obvious that this provision does not aid the plaintiff's case, since it is expressly declared that where a power is vested in several persons all must unite in its execution. It was held that the will by necessary implication gave the executors authority to sell the real estate, and the statute steps in and regulates the manner in which this authority shall be exercised. We cannot see that the case of *Melms v. Pfister*, 59 Wis. 186, has any application to the question we are considering. There a license was granted by the county court upon the petition of two only of the executors. The third, being the widow, did not join in the petition, but did join in the report of sale and in the deed thereon. It was held that the heirs could not avoid the sale made because the license therefor was granted upon the petition of two only of the executors. Counsel for the respondent admits that if it appeared that the refusal of the dissenting executor to unite with the other executors in the sale was perverse, or was induced by improper motives, or was unreasonably delaying the settlement of the estate, then a court might interfere and compel him to unite in an advantageous sale. But, unless some fact is made to appear, he insists that each executor is en-

titled to exercise his best judgment and intelligence in determining whether or not a proposed sale is the best that can be made; especially so in view of the fact that the proceeds of the sale are devoted to charitable purposes. As regards the authority in this case, it includes the power to enter into a contract of sale and to make a conveyance, and its complete performance renders both acts necessary. The two executors could not make an agreement to convey which would be binding on the other executor, any more than they could make the conveyance itself. This proposition seems very clear, and we find nothing in the cases to which we were referred in conflict with it. The case of *Wilder v. Ranney*, 95 N. Y. 7, is directly in point upon the question.

But the plaintiff's counsel says by the provisions of the will the real estate, by the doctrine of equitable conversion, became personal property on the death of the testator, and therefore one executor could make a valid sale of the land without the consent of the other executors, as he could sell any personal property belonging to the estate; and counsel relies upon a remark made by Mr. Justice CASSODAY, in the opinion construing the will, to sustain his position. It is said in that opinion that the direction to pay the legacies in money gave the executors, by necessary implication, the authority to convert all real estate not specifically devised into money, and that such real estate must therefore be treated the same as though it were personal property on the doctrine of equitable conversion. The remark was strictly correct when taken in connection with the question which the court was considering. Courts of equity do frequently regard that as done which ought to be done, and say where land is directed to be sold and converted into money, or money is directed to be invested in land, that for certain purposes the property will be considered as of that character or species into which it is directed to be converted; and

that was what was meant by the language in the opinion. But it would be a fundamental error to assume that this court held that the real estate actually became personal property and might be treated as such for all purposes. The land is still real estate. Its physical character has not been changed, and it is subject to the rules and principles governing the disposition of real estate, and must be sold and conveyed as such. The plaintiff is treating the land as real estate, and appeals to the court to compel the dissenting executor to unite in executing a deed so as to give him title. It seems to us it is an abuse of language to say these pine lands are personal assets in the hands of the executors, which may be sold by one executor the same as a horse or promissory note or other chattel belonging to the estate. We cannot concur in that view of the law, and find no authority to sustain it when applied to the facts before us. The cases of *Kane v. Gott*, 24 Wend. 641; *Bogert v. Hertell*, 4 Hill, 492; *Arnold v. Gilbert*, 5 Barb. 190,—do not sanction or lay down any such doctrine. We shall not go into an analysis of these cases in order to state the point before the court, but suffice it to say they are clearly distinguishable from this case. Here, if the executors had made a valid sale of the land, and converted it into, for example, a bond and mortgage or other chose in action, the rule contended for by counsel as to the power of one executor to dispose of such assets might apply. One executor might then make a valid sale of the assets without the consent of the others. But the land has not been actually converted, and it is necessary for all the executors to join in the sale and conveyance to give a good title. In no other way can the power vested in the executors be properly executed.

But it is further said the evidence shows that the sale which was made to the plaintiff was a fair and just one; and considering the nature of the property, its liability to be injured by fire and winds, it would be advantageous to the estate to carry it out, and that a court of equity, in view

of all the facts, should decree a performance of the contract. "It is a settled principle that a specific performance of a contract of sale is not a matter of course, but rests entirely in the discretion of the court in view of all the circumstances. The jurisdiction is not compulsory upon the court, but the subject of discretion. The question is not what the court must do, but what may it do under the circumstances. A court of equity must be satisfied that the claim for a deed is fair and just and reasonable, and the contract equal in all its parts and founded on an adequate consideration, before it will interpose with this extraordinary assistance." RYAN, C. J., in *Hay v. Lewis*, 39 Wis. 364. In this case it is the clear duty of the executors to exercise their best judgment,— use their most intelligent efforts to sell the real estate for the best possible price which can be obtained therefor. This is what the law requires them to do. We cannot shut our eyes to the fact that a responsible party is willing to pay $4,750 more than the plaintiff agreed to pay for the land. This fact must have its weight in passing upon the conduct of the executors. As we have said, the fund or proceeds of the sale go to the support of a public charity. It need not be said that a court of equity would not compel an executor to execute a contract which was not the most advantageous for such a purpose. Indeed, we see nothing in the conduct of any of the executors in this transaction which is justly open to criticism and shows that each has not acted in perfect good faith, with honest motives, and desiring to do what was best in their judgment for the interests of the estate which they have in charge. But we cannot compel the dissenting executor to join in the conveyance and execute the sale which has been made without his approval or consent.

*By the Court.*— The judgment of the circuit court is affirmed.