## Emil Mannhardt and Charles F. Pietsch v. Illinois Staats Zeitung Co. et al.

1. Statutes—*Prohibiting Corporations from Selling Property—Construction of.*—A statute granting the power to sell includes the power to mortgage. By parity of reasoning a statute prohibiting a corporation from selling its property includes, by necessary implication, the prohibition of the power to mortgage, since a mortgage may become by defeasance an absolute sale.

2. Corporations—*Limitations to Corporate Action Will be Rigorously Maintained.*—Courts will rigorously maintain limitations to corporate action.

3. TRUSTS—*Facts Indicating.*—The fact that in the control of property the trustees were to consult with and be guided by the advice and wish of testator's son, indicates very clearly that it was intended to be a trust.

4. SAME—*Pendency of Executorship Not Inconsistent with Pendency of Trust.*—The pendency of the executorship is not at all inconsistent with the pendency of the trust separate and distinct from it, at the same time.

5. SAME—*Effect of Appointing an Executor to be a Trustee.*—If a testator in his will appoint his executor to be a trustee, it is as if different persons had been appointed to such offices; a court of equity can not remove him from the executorship, for courts of probate have exclusive jurisdiction over the appointment and removal of administrators and executors; but if the office of trustee is separate from and independent of the office of executor, a court of equity may remove him from the office of trustee, and leave him to act as executor, or if he has completed his duties as executor and is holding and administering the estate simply as trustee, a court of equity may remove him.

6. SAME—*Where Voting of Trust Stock is Committed to the Joint Discretion of Two Persons.*—Where the voting of trust stock is a matter which the testator has committed to the joint discretion of two persons as trustees it is a matter in which neither one can assume to act contrary to the discretion of the other, either alone or conjointly, with any other than his co-trustee. Nor can the Probate Court exercise the discretion reposed jointly in the two trustees by the testator.

7. TRUSTEES—*Power of Court over Discretionary Action of.*—The court can not compel a dissenting trustee to join in a conveyance and execute a sale which has been made without his approval or his consent.

8. SAME—*When Court of Chancery May Remove.*—If either of the trustees refuses to act, or is acting wrongfully, or in a manner which constitutes mischievous or negligent conduct in relation to the trust, a court of chancery may be invoked to remove such trustees, if such action appears necessary for the preservation of the trust estate.

9. APPELLATE COURT PRACTICE—*Defects Not Pointed Out Below.*—A defect not pointed out in the court below, where amendment might have cured it, can not be availed of in the Appellate Court.

Bill for an Injunction.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed July 23, 1900.

Statement.—Appellant Mannhardt filed his bill of complaint, praying for an injunction to restrain the directors and officers of the Illinois Staats Zeitung Company from carrying out a certain resolution purporting to be a resolu-

tion of the stockholders of said company, authorizing the directors of the company to execute conveyances of the property of the company to secure an indebtedness of $100,000.

The facts as disclosed by the bill of complaint are as follows: The Illinois Staats Zeitung Company was incorporated in pursuance of a special charter, by the terms of which no conveyance of the real property of the corporation could be made except as authorized by a vote of stockholders owning or legally representing at least two-thirds of the shares of its capital stock. The capital stock is divided into 4,000 shares, of which 1,670 shares are owned by the estate of A. C. Hesing, deceased; that A. C. Hesing died in the year 1895, leaving a last will and testament, by the terms of which Charles F. Pietsch and William H. Lee are appointed trustees and executors. One of the provisions of the will is as follows:

"During the continuance of the trust hereunder, I request and charge the trustees, in the management of the affairs of the Illinois Staats Zeitung Company, and in behalf of the shares of the capital stock in said corporation belonging to my estate, and which they shall represent and control by virtue thereof, on all occasions to act and vote by, and with the advice and concurrence of him, the said Washington Hesing, so far as he shall see fit to counsel or advise."

Washington Hesing was one of the beneficiaries under the will, and he deceased before the filing of the bill of complaint. That, it being proposed by certain of the directors of the Illinois Staats Zeitung Company to secure a loan of $100,000, and to convey by mortgage the real property of the company as security therefor, the said Pietsch and Lee, the trustees and executors under the will, could not agree as to how the shares of stock held by them in their trust capacity should be voted upon such proposition; that Pietsch, one of the trustees and executors, opposed the resolution to thus convey the property in question by mortgage, and that Lee, the other trustee and executor, favored the resolution; that Henrietta C. W. Hesing, widow of Washington Hesing, deceased, and a ben-

eficiary under the will of A. C. Hesing, filed a petition in the Probate Court of Cook County, setting up the foregoing facts and other facts bearing upon the proposed loan and mortgage, and praying for an order of the Probate Court directing Pietsch and Lee, the executors and trustees, to vote the shares of stock held in trust by them, in favor of the resolution; that Pietsch filed his answer to this petition in the Probate Court, giving therein his reasons for opposing the resolution, and, in effect, denying the power of the Probate Court to direct his vote as trustee; that the Probate Court, upon hearing, found that Pietsch and Lee were at variance as to how the shares of stock held by them should be voted; that their right under the will to vote the shares is a joint right; that it was in the interest of the estate that the proposed resolution be adopted by the stockholders of the company; and ordered that Pietsch and Lee, at a meeting of the stockholders of the company, appear and cast the votes of the 1,670 shares held by them under the will in favor of the adoption of the resolution. The Probate Court further ordered that in the event that Pietsch declined to join Lee in thus voting, then that Lee is authorized and directed to cast the votes of the 1,670 shares of stock in favor of the said resolution. At the time of the filing of the petition and the entering of this order, the estate of A. C. Hesing had been in course of administration in the Probate Court for more than two years, but was still unsettled.

Mannhardt, complainant in the bill of complaint and appellant here, is a stockholder of the Illinois Staats Zeitung Company, owning thirty-six shares, and Pietsch is the owner, in his own right, of 470 shares.

The court, upon the filing of this bill of complaint and an affidavit in support thereof, and upon recommendation of a master in chancery, issued an injunction restraining the officers and directors of the Illinois Staats Zeitung Company from executing any deed of conveyance of the property in question or delivering any such deed.

Upon motion of the defendants to the bill of complaint

to dissolve the injunction, it was ordered that the motion be treated as a demurrer to the bill of complaint; that the demurrer be sustained; that the injunction be dissolved and the bill of complaint dismissed for want of equity. The court granted the petition of Charles F. Pietsch to be made a party complainant to the bill instead of party defendant, and, together with the original complainant, Mannhardt, he prosecutes this appeal.

WALKER & PAYNE, attorneys for appellants.

The Probate Court had no jurisdiction whatever over the trustees, or over the executors while acting as trustees, and therefore, in either case, the order entered by the Probate Court directing that the stock should be voted in favor of the resolutions, was absolutely void for want of jurisdiction of the court, or authority to enter such order. The People ex rel. v. Mason B. Loomis, 96 Ill. 377; The People v. Seeley, 146 Ill. 189; Woodfin v. Phoebus, 30 Fed. Rep. 289; Waterman et al. v. Alden et al., 144 Ill. 105.

If at the time of said meeting said trustee stock was held by the executors, it could not be voted if they disagreed as to the way in which the vote should be cast. T. R. Tunis et al. v. Hestonville, M. & F. Ry. Co., 149 Pa. St. 70; 15 L. R. A. 665.

Courts of equity will not control trustees in the exercise of discretionary powers when acting in good faith. Perry on Trusts, Vol. 2, Sec. 511; Eldredge v. Heard, 106 Mass. 579; Shelton v. Homer, 5 Metc. 462; Ross v. Barclay, 18 Pa. St. 183.

Powers conferred by will on two or more executors or trustees, unless a different intention is expressed in, or can be properly inferred from, the will which confers the power, can not be properly and legally executed unless the executors and trustees join. Hart v. Rust, 46 Tex. 556; Adair v. Brimmer, 74 N. Y. 539.

While courts of equity have no power to direct the trustee in the exercise of a discretionary power, the court may, when necessary for the preservation of the property, remove

the trustee. Richards v. Barrett, 5 Ill. App. 514; Brower et al. v. Callender et al., 105 Ill. 88–104.

PECK, MILLER & STARR, attorneys for appellees; JULIUS GOLDZIER, of counsel.

The charter, as its provisions are alleged in the bill, does not require the authority of a two-thirds vote of the stockholders for the execution of either the notes or the chattel mortgage, or the real estate mortgage, referred to in the bill of complaint.

In Illinois a mortgage is a chose in action—a mere incident of the debt, and in equity a mere lien, and not a conveyance. McAuliffe v. Reuter, 166 Ill. 491, 496; McCormick v. Buehler, 67 App. 73, 76; Barrett v. Hinckley, 124 Ill. 32, 42–44; Schifferstein v. Allison, 123 Ill. 662, 665.

OPINION PER CURIAM.

The bill of complaint sought to restrain the directors and officers of the Illinois Staats Zeitung Company from acting upon the resolution to mortgage the corporate property, upon the ground that the resolution necessary therefor was not passed by sufficient votes of shareholders. It is alleged in the bill that by the special charter, under which the corporation was formed, a two-thirds vote of the capital stock was necessary to authorize the directors of the corporation to mortgage its real property. To this it is replied by appellees that the charter limitation does not apply to mortgages, but only to absolute conveyances of the fee, and that by the action of trustee Lee in voting the entire stock, held jointly by himself and his co-trustee, Pietsch, under the authority of the Probate Court, a two-thirds vote was in fact cast for the resolution.

We are of opinion that neither of these contentions can be maintained. As to the first, the limitation imposed by the charter upon any alienation of the real property of the corporation would seem to apply as well to an alienation by mortgage as by absolute conveyance. The provision of the charter is, in part, as follows:

" And deeds and conveyances made by said company shall

be authorized by vote of the stockholders who own or legally represent at least two-thirds of the shares of the stock of said company."

In Thompson's Commentaries on the Law of Corporations, section 6158, the rule is thus announced :

" We have seen that a statute granting the power to sell includes the power to mortgage. By parity of reasoning a statute prohibiting a corporation from selling its property includes, by necessary implication, the prohibition of the power to mortgage, since a mortgage may become by defeasance an absolute sale. ' It makes no difference,' said Gray, J., ' whether the transfer is absolute or conditional, to take effect immediately upon its delivery, or at some future time. A mortgage, transferring a title which upon the happening of a certain contingency may be made absolute by sale or foreclosure, has the effect, as soon as it becomes of any value to secure the purpose for which it was made, to accomplish as complete a transfer of the corporate franchise and property and the means of performing the corporate duty, as if it had been originally an outright sale.' " Richardson v. Sibley, 11 Allen, 65.

The only authority which we find to the contrary is in decisions of the Supreme Court of Iowa. Middleton Bank v. City, 15 Ia. 394; Krider. v. Trustees, 31 Ia. 547.

We incline to the rule as announced by the Massachusetts court.

Courts will rigorously maintain such limitations to corporate action. Bradley v. Ballard, 55 Ill. 413.

Therefore, it is simply the question of the authority of Lee, under the direction of the Probate Court, to vote the trust stock, which is determinative of this appeal. It is argued by the learned counsel for appellees that the action of Pietsch and Lee in voting the shares of stock disposed of by the will of A. C. Hesing, is the act of executors and not of trustees, and therefore that the Probate Court might properly direct the voting of such shares. We are of opinion that this contention is not tenable. We think it clear that the control of the stock was a matter pertaining to the trust created by the will, wherein a confidence was reposed by the testator in the discretion of the trustees.

An examination of the terms of the will discloses that the testator intended to create and did create a special trust in the matter of the control of this stock. The fact that in such control the trustees were to consult with and be guided by the advice and wish of testator's son, indicates very clearly that this was intended to be a trust. Pahlman v. Smith, 23 Ill. 448.

In that case the court said:

"Had he associated any person not an executor with them, in the power to sell, there could have been no question of his intention that they should act as trustees, and not as executors. It would have indicated that the testator relied upon their judgment and discretion when acting together," etc.

All the language of the will, referring to Pietsch and Lee as trustees, until the concluding clause, which directs that these "trustees" be also appointed executors so far as it has any weight, tends to the same conclusion. Pahlman v. Smith, *supra*.

The pendency of the executorship is not at all inconsistent with the pendency of the trust separate and distinct from it at the same time. 1 Perry on Trusts (4th Ed.), Sec. 281; Waterman v. Alden, 144 Ill. 90; Penn. v. Fogler, 182 Ill. 76.

In Perry on Trusts the author says:

"If a testator in his will appoint his executor to be a trustee, it is as if different persons had been appointed to each office; a court of equity can not remove him from the executorship, for courts of probate have exclusive jurisdiction over the appointment and removal of administrators and executors; but if the office of trustee is separate from and independent of the office of executor, a court of equity may remove him from the office of trustee, and leave him to act as executor; or if he has completed his duties as executor and is holding and administering the estate simply as trustee, a court of equity may remove him." Wood v. Brown, 34 N. Y. 337.

In Waterman v. Alden, *supra*, the administration of the estate in which the defendants were executors was still pending and undetermined in the Court of Probate at the time of the filing of that suit against the defendants as trustees.

The action of Pietsch and Lee in the voting of the trust stock being a matter which the testator had committed to their discretion jointly as trustees, it was a matter in which neither one could assume to act contrary to the discretion of the other, either alone or conjointly, with any other than his co-trustee.    The Penn. Co. v. Bauerle, 143 Ill. 459; Bryan v. Stewart, 83 N. Y. 270; DeHaven v. Williams, 80 Pa. St. 480; Tunis v. H. M. & F. P. Ry. Co., 149 Pa. St. 70.

Nor could the Probate Court exercise the discretion reposed jointly in the two trustees by the testator.    Wood v. Brown, *supra;* Burt v. Burt, 41 N. Y. 46; Crowley v. Hicks, 72 Wis. 539.

In Wood v. Brown, *supra,* the New York court said, speaking of the control exercised by the surrogate:

" This power is not arbitrary, and can only be invoked in aid of some regular proceedings which the statute authorizes to be taken against executors and administrators.    The surrogate can not, for instance, prevent an executor from defending or prosecuting a suit, in which he must consult his own judgment and act upon his own responsibility."

In Crowley v. Hicks, *supra,* the Wisconsin court said:

" We can not compel the dissenting executor to join in the conveyance and execute the sale which has been made without his approval or consent."

The rule thus announced applies with greater force to the discretionary action of trustees in the control of a special trust, and irrespective of any statutory provisions relating to executors and administrators only.

If either of the trustees was acting or refusing to act wrongfully or in a manner which constituted mischievous or negligent conduct in relation to the trust, a court of chancery might be invoked to remove such trustee if such intervention appeared necessary for the preservation of the trust estate.    Brower v. Callender, 105 Ill. 88; Sherman v. Leman, 137 Ill. 94; Richards v. Barrett, 5 Ill. App. 510.

It is contended by counsel for appellees that the demurrer was properly sustained because there appears to have been a lack of necessary parties to the suit, viz, certain stockholders.    This defect was not pointed out by the demurrer

in the court below, where amendment might have cured it. It can not now be availed of. Portones v. Badenoch, 132 Ill. 377.

The bill having equity it should have been held, so that the proper parties could have been brought into the suit, not dismissed for want of equity. Knapp v. Marshall, 26 Ill. 63;. Thomas v. Adams, 30 Ill. 37.

We are of opinion that the court erred in sustaining the demurrer and in dismissing the bill for want of equity.

The decree is reversed and the cause is remanded for further proceedings consistent with this decision. Reversed and remanded.