By the Court :
The circumstances under which Moore entered and occupied, made him a tenant from year to year, at the rent agreed upon for the first year, and he is liable to Beasley for rent, at that rate, in an action for use and occupation, unless he can avail himself of one of the grounds set up by way of defense, in the court below, the rejection of which is now assigned for error.
The first ground is, that the defendant below was not permitted to prove a title in himself, acquired, after he had occupied the premises several years, in the character of a tenant to the plaintiff. From the earnest manner in which this pointwas argued, we have been induced to give it a serious consideration, and although it has been our uniform course to reject evidence of this character, under a conviction that the principle was well settled, that a tenant, who has enjoyed the premises to the end of his term without interruption, can not be permitted to question the title of his landlord, we have carefully examined the authorities cited, and the course of reasoning by which the counsel endeavored to apply them. The doctrine in 1 Pow. 152, is, that if one make a lease to another, and the lessor has then no interest in the land leased, it is a good plea for the lessee to say, that the lessor had nothing in the lands at the time of the lease. The doctrine is taken from Coke Lit. 49, b, whore the commentator gives the reason of the text, which is this: “ That in every contract, there must be quid pro quo, for contractus est quasi actus contra actum, and, therefore, if the lessor had nothing in the land, the lessee hath not quid pro quo, *280 nor anything for which he should pay *any rent, and in that case he may plead, that the lessor non dimisit, and give in evidence the other matter.” This commentary seems too plain to require illustration. It can not be affirmed, that a person has nothing in land, which he has had in possession fifteen or twenty years; nor can it be said of a lessee, that he hath not quid pro quo, or anything for. which he should pay rent, after he has received possession from his lessor, and enjoyed without interruption during his term. The plaintiff’s counsel seems to consider a person as having nothing in land, unless he has a perfect legal estate, but such, we apprehend, is not the meaning of the law; a mere possessory title is sufficient. The tenant who has enjoyed his term uninterrupted, has received the full consideration of his promise, and can not afterward plead non dimisit or nil habuit. In Chettle v. Pound, 1 Ld. Raym. 746, which was debt for rent, it was ruled that if the plaintiff had been in possession, though but tenant at will, the defendant could not give nil habuit in evidence, without having been evicted. An eviction in this case is not pretended. The tenant occupied without molestation of any kind to the end of his term.
In Watson v. Alexander, 1 Wash. 351, the court say, the declaration charges enjoyment of the property by the appellants, during the term for which the rent is claimed, which is sufficient to maintain the action. On the whole, we are compelled to say, that our opinion remains unchanged; we still think that a tenant can not be allowed to question the title of his. landlord, from whom he has received possession, after he has enjoyed his term without interruption.
' The second error relied on, depends on the construction of the statute for the prevention of frauds and perjuries. This court has decided, as often as the question has been made, that part performance may take a case out of that statute, and that delivery of possession, on a parol lease, is sufficient for that purpose.
There was, in this case, not only a delivery of possession to Moore, but an enjoyment by him of everything for which he contracted. On the part of Beasley, the contract was fully performed ; it does not, therefore, come within the design of the act.
The case of Wilber v. Paine, 1 Ohio, 252, may bo considered as settling this point.
Judgment affirmed.