## UTAH LOAN AND TRUST COMPANY, APPELLANT, *v.* ROBERT GARBUTT, RESPONDENT.

STATUTE OF FRAUDS.—CO-EXECUTORS.—AUTHORITY.—Section 3916, 2 Comp. Laws, 1888, requires a lease for more than one year to be in writing, and Section 3918 requires the agreement for leasing for more than one year to be in writing, and if made by agent for the authority of the agent to be in writing; and Section 4030 makes the act of one executor alone valid, where there are two executors or administrators, where the other is absent from the Territory, or laboring under any legal disability from serving, or if he has given his co-executor or co-administrator authority in writing to act for both; and where there are more than two executors or administrators, the act of a majority is valid, *held*, that where one executor without authority from his co-executors, who were not under disability and not absent from the Territory, made a lease in writing for more than one year, the lease was invalid.

ID.—LEASE.—ACCEPTANCE OF RENT.—The acceptance of rent payable monthly under a lease void under the statute of frauds converts the holding into a tenancy from month to month and does not render the whole of the executory part of the lease valid.

LEASE.—TENANT FROM MONTH TO MONTH.—NOTICE TO QUIT.—A
tenant from month to month who is performing his part of the
lease is entitled to one month's notice to quit.

APPEAL from a judgment of the district court of the
first district and from an order refusing a new trial.    The
opinion states the facts except that it may be worthy of
notice that Section 4030 above mentioned is the same as Sec-
tion 1355, California Civil Procedure Code, from which it
is copied.    That section is punctuated very differently from
our section in the Compiled Laws, quoted in the opinion.
It is as follows:    " Where all the executors named are not
appointed by the court those appointed have the same
authority to perform all acts and discharge the trust,
required by the will, as effectually for every purpose as if
all were appointed and should act together; where there
are two executors or administrators, the act of one alone
shall be effectual, if the other is absent from the State or
laboring under any legal disability from serving, or if he
has given his co-executor or co-administrator authority,
in writing, to act for both; and where there are more than
two executors or administrators, the act of a majority is
valid."

*Messrs. Richards and Rolapp* for the appellant.

*Messrs Kimball and Allison* for the respondent.

ZANE, C. J.:

This action was instituted before a justice of the peace.
The complaint alleges that the defendant was guilty of
the unlawful detention of the premises described in it.
The case is here by appeal from a judgment of the district
court against the plaintiff, rendered upon the trial of the
appeal from the justice.    The rights of the parties to the
possession of the property, so far as involved by this case,
depends upon the legal effect of the following letter:
"Salt Lake City, Utah, May 2d, 1887.    Mr. Robert Gar-
butt, Jennings Building, Ogden—Dear Sir: I have placed
check to your credit for rent to May 1st, 1887, and gave
our lawyer memorandum to draw up your lease long ago,
which he has not done yet; so I write the following for

your protection until it is done: I hereby certify that Mr. Robert Garbutt has rented from the Jennings estate, in Ogden, the store in the Jennings building now in use as his barber-shop, until January 1st, 1891, at $22.50 per month rent. THOMAS W. JENNINGS, Agent Jennings Estate."

This letter contains the names of the parties, identifies the premises, specifies the amount of the rent, and fixes the term, and would have been a valid lease for the time mentioned, if Thomas W. Jennings had been duly authorized in writing to execute it. It was signed by Thomas W. Jennings, as agent of the Jennings estate, of which the premises in dispute was a part, and it appears from the evidence that he was one of six duly qualified executors of that estate. The statute provides that "no estate or interest in real property, other than leases for a term not exceeding one year, nor any trust or power over or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered, or declared, otherwise than by operation of law, or a conveyance or other instrument in writing, subscribed by the party creating, granting, assigning, surrendering the same, or by his lawful agent thereunto authorized by writing." 2 Comp. Laws Utah, 1888, Sec. 3916. And subdivision 5, Sec. 3918, Id., is as follows: "An agreement for the leasing for a longer period than one year, or for the sale of real property or of an interest therein," to be valid, must be in writing; "and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged." When the lease is for a longer term than one year, and it is to be made by an agent, the statute requires the lease, and the agent's authority to make it, to be in writing. While the letter purports to be signed by Jennings as agent of the estate, he was also one of six executors; and, when there are two or more executors, the following statute governs their action: "Sec. 4030. When all the executors named are not appointed by the court, those appointed have the same authority to perform all acts and discharge the trust re-

quired by the will as effectually for every purpose as if all were appointed, and should act together, where there are two executors or administrators. The act of one alone shall be effectual if the other is absent from the Territory, or laboring under any legal disability from serving, or if he has given his co-executor or co-administrator authority in writing to act for both; and, where there are more than two executors or administrators, the act of a majority is valid." 2 Comp. Laws Utah, 1888. The evidence shows that all the executors were within the Territory, and free from any legal disability, and that the executor signing had no written authority from the others, or any of them.

Notwithstanding the statute of frauds rendered the letter invalid as a lease, the defendant was permitted to remain in possession of the premises until the twenty-fifth day of May, 1889, when N. C. Flygare, the grantee of the Jennings estate, and the grantor of the plaintiff, gave him notice to quit on the first day of the following July. It also appears from the evidence that rent was received on the first day of each month, until the last-named day. And the question now arises, what effect did this acceptance of rent have upon the rights of the parties? The defendant was simply a tenant at will until the acceptance of rent by the lessor, and that converted the holding into a tenancy from month to month, and one month's notice to quit prior to July the 1st was sufficient to terminate the tenancy at any time. In the case of *Anderson* v. *Prindle,* 23 Wend., 616, the court said: "It appears by the affidavit that Prindle went into possession under an agreement for a written lease for the term of one year and eight months from the first of September,1885, and that a few days after he entered into possession he violated the agreement by refusing to accept the lease, and execute the counterpart thereof. By that act he became a mere tenant at will or by sufferance, and liable to be ejected immediately. *Hegan* v. *Johnson,* 2 Taunt., 149. And he would have continued so, if Anderson had not changed the character of that tortious holding by receiving rent from him subsequent to that time, from month to month, at the rate

specified in the verbal agreement for a lease.   \*   \*   \*
The legal construction of the acts of the parties, in accepting and paying rent monthly, was to create a tenancy from month to month, commencing on the first of September, 1835. The tenant was therefore entitled to a month's notice to quit at the end of some month from the commencement of the tenancy." To the same effect is Tayl. Landl. and Ten., Secs. 57, 60, 61, and 4 Kent. Comm. (12th Ed.), 114. The landlord, by permitting the tenant to take and retain possession of the property, and by accepting rent, does not bind himself to perform so much of the lease as remains executory. Brown, in his work on Statute of Frauds (Section 448) states the law: "It is obvious that the mere circumstance that a verbal agreement has been in part performed can afford no reason, such as to control the action of any court, whether of law or equity, for holding the parties bound to perform what remains executory. The doctrine of equity in such cases is that, where an agreement has been so far executed by one party, with tacit encouragement of the other, and relying upon his fulfillment of it, that for the latter to repudiate it, and shelter himself under the provisions of the statute, would amount to a fraud upon the former, that fraud will be defeated by compelling him to carry out the agreement." And in Section 451, same book, the author says: "It is settled by a long series of authorities that a part execution of a verbal contract within the statute of frauds has no effect at law to take the case out of its provisions." This is an action at law. We are of the opinion that the court below erred in its seventh finding of fact, and in its statement of its conclusion of law, and also in its judgment thereon. It follows that the judgment of the court below must be reversed, and the cause remanded. It is accordingly so ordered.

ANDERSON, J., and BLACKBURN, J., concurred.