## GREENWOOD v. JACKSON.

No. 6461. Decided July 31, 1942. (128 P. 2d 282.)

See 27 C. J. Frauds, Statute of, sec. 411; 25 R. C. L. 720; 32 Am. Jur., 71.

*P. N. Anderson,* of Nephi, for appellant.

*J. Grant Iverson,* of Salt Lake City, for respondent.

LARSON, Justice.

Action to recover rentals alleged to be due under a parol lease of lands for a term of eighteen months. Plaintiff pleaded the making of the lease, its terms, the possession of the premises by defendant during the entire term of the lease, the payment of $40 on account of rent, and  a balance unpaid of $140, and prayed judgment. Defendant answered admitting the existence of a parol lease for eighteen months but gave it a starting date seven months later than alleged by plaintiff, and pleaded the statute of frauds as a defense to each lease. The trial court found all the facts as alleged by plaintiff and entered

judgment accordingly. Defendant appeals presenting the single question: Were certain acts in evidence sufficient as a part performance to take the contract out of the statute of frauds? The argument is made that the action is one in equity to compel defendant to specifically perform his obligations under the lease, to wit: to pay the rentals reserved. That an action to collect money due under a contract is not an action in specific performance is too elemental to require citation of authorities. Nor is this case in any sense an equitable action. This being an action at law, and there being evidence to sustain the findings of the trial court that the plaintiff had fully performed his obligations under the contract, that defendant had fully performed except for default in payment of some of the rent reserved, and that the lease had been completed and had expired by its own terms before action was commenced, there is no question here of avoiding the statute of frauds. The contract having been fully performed by the plaintiff, it is not within the statute. *Winters* v. *Cherry,* 78 Mo. 344; *Bless* v. *Jenkins,* 129 Mo. 647, 31 S. W. 938; *Moore* v. *Beasley,* 3 Ohio 294. Furthermore, in this case it could make no difference to defendant because the trial court found that defendant was in occupancy and possession of the premises for the full period of eighteen months, and both parties agreed that $10 per month was a fair and proper rental.

"Where one enters under a lease unenforceable on account of the statute he is liable for the reasonable value of use of the premises during his occupation." 25 R. C. L. p. 720; *Little* v. *Martin,* 3 Wend., N. Y., 219, 20 Am. Dec. 688; 16 R. C. L. p. 574, etc., and cases cited.

So too, if the lease is unenforceable under the contract the tenant stands as a tenant from month to month. *Utah Loan & Trust* v. *Garbutt,* 6 Utah 342, 345, 23 P. 758. Since the defendant occupied for the whole term of eighteen months, his liability would still be the same as found by the court. Under Sections 104-14-7 and 104-39-3, R. S. U. 1933, it becomes our duty to affirm.

We find no error in the record. The judgment is affirmed. Costs to respondent.

MOFFAT, C. J., WOLFE and McDONOUGH, JJ., and LESTER A. WADE, District Judge, concur.

PRATT, J., on leave of absence.