454 P.2d 288

**FREDRICKSON BUILDERS SUPPLY & CONSTRUCTION COMPANY, a Utah corporation, Plaintiff and Respondent,**

v.

**BOISE CASCADE CORPORATION, dba Bestway Building Center, a Delaware corporation, Defendant and Appellant.**

No. 11437.

Supreme Court of Utah.
May 1, 1969.

Cannon, Greene, Nebeker & Horsley, Richard H. Nebeker, Salt Lake City, for defendant and appellant.

Clyde, Mecham & Pratt, Elliott Lee Pratt, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendant is here seeking a reversal of the judgment of the District Court which awarded to the plaintiff rental for certain premises which the defendant had an option to lease.

On September 21, 1961, the plaintiff and defendant entered into a written lease for a term of 10 years, whereby the plaintiff let to the defendant a certain tract of land and the buildings thereon for the operation of a lumber yard.

The lease contained an option in the following language:

Lessor hereby grants to Lessee the option to lease a tract of land which is owned by Lessor and which adjoins the leased premises at the west end thereof, * * *.

Lessee may exercise its option to lease such additional tract at any time on or before September 30, 1963, by giving to Lessor not less than thirty (30) days advance notice of its intention to do so.

The option also provided for a rental in the sum of $1,200 per year.

A further provision of the lease is as follows:

Whenever in this Lease it is required or permitted that notice be given by either party to the other, such notice shall be deemed to have been duly given as and when given in writing and mailed by registered mail, * * *.

No written or oral notice of the defendant's intention to exercise the option was given.

At the beginning of the term of the lease, and with the plaintiff's consent, the defendant did store upon the optioned premises certain equipment and lumber while the plaintiff was repairing the blacktop on the leased premises. There was some testimony that the defendant made use of the premises described in the option from time to time during the period we are here concerned with. During one period of several months the defendant did store a considerable amount of building materials on the optioned premises after it had purchased the stock of another lumber yard.

The plaintiff contends that defendant by its conduct and use of the premises had exercised the option and became obligated to pay the rent as specified therein. By way of a second count the plaintiff also claims that the defendant having entered upon the premises and used the same, it became obligated to pay a reasonable sum for the use of the land in question. The defendant by its answer denied having exercised the option and in answer to the second count of the plaintiff's complaint set up the statute of frauds[1] and also the statute of limitations.[2]

From time to time after the defendant had gone into possession of the leased premises one Paul A. Fredrickson, president of the plaintiff corporation, discussed with the local managers of the defendant the use of the optioned premises by the defendant and also whether or not the option would be exercised. The successive managers of the defendant informed Mr. Fredrickson that the exercise of the option was beyond their authority and would have to be acted upon by the home office of the defendant. Letters were written by the plaintiff inquiring of the defendant with

---

1. Section 25–5–3, U.C.A.1953.

2. Section 78–12–26, U.C.A.1953.

respect to its exercise of the option. The first letter dated May 7, 1962, contained an offer by the plaintiff to improve the property and included a new proposal as to the rent to be reserved. The second letter dated May 26, 1966, was an inquiry by the plaintiff as to the defendant's intention respecting the optioned property and demanding a rental of $100 per month during the period the defendant had used the premises.

We are of the opinion that the evidence of record does not support the plaintiff's contention that the defendant did in fact exercise the option provision of the lease. While the trial court did not specifically find that the option had been exercised by the defendant, nevertheless, the court did find that the defendant used the premises from October 1, 1961, and until August 1, 1966, and that the reasonable rental value of the property was at the rate of $100 per month. The court granted plaintiff judgment in the sum of $5,250, together with interest.

We are of the opinion that the evidence supports the court's finding that the defendant did from time to time use and occupy the optioned premises, and also the court's conclusion that the plaintiff is entitled to recover the reasonable value of that use. The occupation and use of the premises by the defendant having been fully accomplished, it cannot now rely upon the statute of frauds to defeat the plaintiff's right to recover for the reasonable value of such use.[3] However, it would seem that the defendant having pleaded the statute of limitations, the court below was in error in granting a judgment for the use by the defendant from October 1, 1961, to August 1, 1966, as it is quite obvious that the plaintiff's claim for use of the premises is in part barred by the statute.

This matter is returned to the court below with directions to determine the reasonable value of the use of the premises during that period of time not barred by the statute of limitations, and to modify its judgment in respect thereto. Appellant is entitled to costs.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

3. Greenwood v. Jackson, 102 Utah 161, 128 P.2d 282.