Pearson, J.
 

 We concur with his Honor upon-all the questions raised by the exceptions of the defendant.
 

 One executor may release: it is not necessary for all the executors to join. 1
 
 Williams on Exts.
 
 652. 8
 
 E. C. L. R.
 
 518.
 

 When a witness is iriipeached by showing that he has ¿hade contiadictory s'tatenients. it is perfectly regalar; in reply, to show that he has made "consistent statements,
 
 Johnson
 
 v.
 
 Patterson,
 
 2 Hawks 183,
 
 State v.George,
 
 8 Ire. 324. The defendant agreed to indorse promissory notes
 
 *267
 
 to the testator of the plaintiff, and put them in the hands of a constable, in the county ofYancy, and upon the reception of the receipts, the testator agreed to deliver to the defendant cotton yarn at cash prices. Afterwards, the defendant handed to the testator the receipts, signed by a constable of the county of Yancy, for a large amount. Upon the reception of those receipts, the testator delivered to the defendant cotton yarn in pursuance of the agreement. The breach of this contract assigned by
 
 the
 
 plaintiff is, that the defendant did not endorse promissory notes to the testator and did not put promissory notes so endorsed in the hands of the constable in the county &c. His Honor instructed the jury, that an action on the case in assumpsit would lie for a breach of contract on the part of the defendant. This seems to be a proposition so exceedingly plain, that we should have been at a loss to discern what grounds were relied on by the defendant, but for the very ingenious arguments of his counsel. The defendant endorsed a few notes to the testator, and put them in the hands of the constable, and procured the constable to execute three receipts, as for notes so endorsed, to a very large amount, and, by handing these receipts to the testator, was enabled to deceive him and defraud him of his goods. We think it clear that case in assumpsit or case in tort for the deceit would lie, at the election of the plaintiff, for this breach of contract, and fraud practiced under cover of the contract.
 

 Tf is unnecessary to decid", whether an ac*i"«
 
 fnr
 
 crnods " ' j . ’ !”■; . uOi AdU üild. pUl III iiJtr uuuuu v/i vuu COuSliiblfí j bCC^USB very clearly an action can be maintained for a breach of the special contract, and the declaration has several counts upon the contract, as well as the general counts. The argument, that, because the receipts were genuine, and the testator had a right of action against the consta
 
 *268
 
 ble, there was no breach of contract; is entirely fallacious. The substance of the contract was, that the defendant would endorse notes to the testator and put the notes so ■endorsed in the hands of the constable. ' The fact of taking a receipt was merely to give assurance to the testator, that the notes had been so endorsed and put into the hands of the constable for his benefit, and to be evidence against the constable, if the testator called for his notes and they were not delivered, or there was negligence in not collecting or a failure to pay over. The contract then was broken in the very
 
 substance and marrow of it,
 
 and was only complied with in its formal part of taking receipts, not for the benefit of the testator, but as the means oí cheating him — a strange way of performing a contract which was to be the consideration for the testator’s goods. The release executed to Chandler, if it had been properly pleaded, was no bar to a recovery in this action. The defendant had no cause to complain, if there was no such relation existing between him and Chandler, as to make the latter primarily liable to the plaintiff, and in fact the defendant had no cause of action for contribution, or otherwise, against Chandler, in respect of the amount of the notes purporting to have been received by him from the defendant, and which in truth
 
 never were received,
 
 and which omission formed the
 
 gravamen
 
 of this action ; and, as the defendant had no cause of action against Chandler, in respect of notes, which he never received, it is difficult to conceive, why he should object to the release or have -any-concern with if. In
 
 Draughan
 
 v.
 
 Bunting,
 
 9 Ired. 19, the party had a right to contribution. The judgment below must be affirmed.
 

 Pee Cuktam
 

 Judgment affirmed.