IViieedeb, J.
It does not appear by the record on what ground the demurrer lo the petition was sustained. 'The objections now urged to its sufficiency arc that it docs not sufficiently appear that the claim was properly authenticated when presented to the administrator for allowance; that suit does not appear to have been brought within three months from the date o'f the rejection of the claim, and that the claim is alleged to have been presented to and rejected by one only of the joint administrators.
Tito averment of the presentation of the claim to the administrator was sufficient. There was no necessity to aver specially the making of the affidavit required by t he stature. The affidavit constituted no part of the cause of action, aud it was not necessary therefore that it should be set out or described in flic petition.
Taking the averments of the petition (as for the purpose of considering then legal sufliciency on demurrer they are to bo taken) as true, tlie suit appears tc have been brought in time.
The remaining objection is not tenable. Though it was formerly held otherwise, it seems to be now tlie settled law that joint administrators stand on the same, footing and are invested with the same authority in respect to tlie administration of the estate as co-executors. Like them, they are regarded in law as one person, and consequently tlie acts of one of them in respect to the administration are deemed to he the acts of all, inasmuch as they have a joint and entire authority over the whole property. (Toll. Ex., 437, 4th Am. edit.; 1 Wend R., 583; 1 McC. R., 492.)
IE tlie. joint or concurrent action of all were necessary to render their acts valid, tiie allowance of tlie claim by tlie other administrator would have been equally ineffectual as its rejection by the one to whom it was presented ; and unless both should concur, the party would be without a remedy.
Tlie objections to tlie petition are. not well taken. But liad it been otherwise, and had tlie suit not been maintainable, as against tlie administrators of Horton, that afforded no ground for dismissing it as to his co-defendant, Duf-lieid. It was their joint and several promissory note, and tlie dismissal as to one of the makers did not preclude the plaintiff from his right to prosecute the suit to judgment against tlie other, (¿iuslin and Clapp v. Jordan. 5 Tex. K., 130.) AVe.'are of opinion that the judgment he reversed and the cause remanded for further proceedings.
Reversed and remanded.