SAMUEL H. JOHNSON *v.* ADDISON MANGUM and others.

Though it may be that a note payable to a testator may be assigned by one of three executors, yet a note payable to three persons as executors of their testator cannot be assigned by one of them without the concurrence of the others, so as to enable the assignee to sue the makers either for the whole amount of the note, or for any part of it; the Code of Civil Procedure, sec. 55, not being applicable to such a case.

This was a civil action upon a bond held by the plaintiff for $1760, executed by the defendants Mangum and Webb to the other three defendants, executors of H. Parker, deceased, for the purchase of lands of their testator, sold by them under license from Court. The bond was dated January 4th, 1868, payable twelve months after date, and endorsed by E. M. Holt, one of the defendants, as executor to the plaintiff and delivered to him in payment of judgments, bonds and notes against the estate of the testator, held by him to the amount of $900, and the further sum of $200 due to him from the said Holt, there being this sum due to the said Holt for commissions as executor. There was an agreement between Holt and the plaintiff that the latter should collect the note and return the balance remaining after paying his aforesaid claims, to the said executors.

The answers of the defendants did not deny the assignment of the bond as alleged by the plaintiff, nor the justice

of his demands against the estate, to the amount of $900 ; but the two executors, J. W. Parker and D. Parker, denied the claim of Holt to commissions, alleging that nothing was due on that account. These executors also alleged that there was an agreement between all the executors, that the money due on the bonds given for the land should be appropriated to pay only the debts of the estate on which the executors were bound as sureties of the estate; one of them alleging that they were to be applied, where any of the executors were liable, and the other insisting that they were to be paid only on debts in which all of them were bound.

The answer of the defendant Holt admitted the delivery of the bond, and that he endorsed it in payment of debts due to the plaintiff, in judgments, bonds and notes, and stated that he had been the active executor who had transacted nearly all the business of the estate, and that the amount of commissions claimed was due to him.

On the issues thus made, the case was submitted to the jury at the Fall Term, 1870, of the Superior Court of ORANGE County before his Honor, *Tourgee, J.* His Honor being of opinion that the action could not be maintained, so instructed the jury, who returned a verdict for the defendants, upon which a judgment was rendered, and the plaintiff appealed.

*W. A. Graham,* for the plaintiff.
*Phillips & Merrimon,* for the defendants.

PEARSON, C. J. The action is brought upon the assumption that a note payable to three persons, (expressing, that they are executors of a person deceased,) can be assigned, by endorsement according to the " law merchant " and the statute 4 Ann, and the statute in this State, adopting 4 Ann, by any one of them.

This position is not tenable. It may be, that a promisso-

ry note, to the testator, can be assigned by the endorsement of one of three persons acting as executors ; on the idea of representation, and that each executor represents the testa-tor, and can do all that he could have done ; but such is not the law in regard to a promissory note, made after the death of the testator, payable to three persons jointly, although it be set out on the face of the note, that the three persons are the executors of the deceased person, for, it cannot be a, contract made with a dead man, and it is in fact, a contract made with the three jointly, and all of them are responsible individually, for the amount of the note.  So, it is not in the power of one, who may happen to have the note in his possession, to pass the legal title by his endorsement without the concurrence of the other two.  No authority was cited in support of the position, and it is so manifestly against the reason of the thing, that we feel warranted in rejecting it, without further discussion.

But it is said, the plaintiff by his dealing with Holt, one of the executors, acquired a beneficial interest in a part of the note, and is entitled under the provisions of the Code of Civil Procedure, sec. 55, to maintain the action, to the extent of his interest.

We are unable to see how this mode of procedure can be allowed in our case, and are clear in the conviction, that it does not come within the meaning and provision of C. C. P. It is absurd to suppose that a contract, entire and indivisable, made with three men as payees, can be subdivided *ad libitum*, and that every one of the three may pass to third persons, a beneficial interest, to some part of the note, and thus subject the obligors to a multiplicity of actions.  So much in respect to the rights of the obligors.  But look at it in respect to the rights and liabilities of the payees, can any one of them, without the concurrence of the others and against their interests, because of a joint liability, to say nothing of the alleged understanding between them, as to the applica-

tion of the proceeds of the note, pass to a third person a beneficial interest to a part of the note in satisfaction of certain debts of the testator and of an individual debt of the party concerned and take his word, that he will collect the whole and pay over the excess to such party? We think not. In the old mode of equity procedure it was a maxim, " a man must come into equity with clean hands." This maxim is alike applicable to the new mode of procedure; where the plaintiff, failing in his legal right to maintain the action as endorser, falls back on his equity, he is met by the fact of notice that the executor with whom he dealt was acting in bad faith towards his co-executors, and that the arrangement was without their concurrence, against their interest, and subjected them to liability in regard to the whole note.

The plaintiff's hands are not clean.

We concur with his Honor, in the opinion, that the action cannot be maintained.

PER CURIAM.                    Judgment affirmed.