ARTHUR W. ALEXANDER v. HARVEY A. RICE, CATHERINE ALEXANDER ET AL.

*Probate Courts—Foreclosure by foreign executors—Stipulations.*

1. The probate courts of Michigan are courts of general jurisdiction in probate matters; and where foreclosure proceedings were taken by foreign executors to whom letters testamentary had been issued in Michigan, and the proceedings were taken under a stipulation by the parties to the suit that the executors were duly appointed and acted as such, and the probate records showed nothing to the contrary, it was *assumed* that the appointment referred to in the stipulation meant the appointment in Michigan, and that such a showing was made to the court, by sworn petition or by oral proof, that the estate had such property interests in the county as would warrant the issue of the letters.

2. A foreclosure by executors is not invalidated by the fact that only two out of three executors acted if these two acted under proper authority and there is no showing that the third ever gave an official bond or qualified.

Appeal from Ionia. (Lovell, J.) Jan. 15-16.—Jan. 22.

BILL to set aside a mortgage. Defendants Rice appeal. Reversed and bill dismissed.

*Mitchell, Bell & McGarry* for complainants. The execu-

tion of a power confided to two or more persons requires the united and concurrent action of all, and the power is indivisible. Comp. L. § 4179; Hill on Trustees 136; *Ridgeley v. Johnson* 11 Barb. 527; *Ogden v. Smith* 2 Paige 197; *Barber v. Cary* 11 N. Y. 397; *Sinclair v. Jackson* 8 Cow. 543; *Berger v. Duff* 4 Johns. Ch. 368; Perry on Trusts §§ 441, 443; Sugd. on Powers 162, 263; *Scott v. Det. Y. M. Society* 1 Doug. (Mich.) 119, 149.

*Henry B. Fallass* for defendants Harvey A. and Eliza G. Rice. One administrator may act for the estate even if there be several administrators appointed: Williams on Executors 854; *Willand v. Fenn* 2 Ves. Sr. 267, 268 · *Jacomb v. Harwood* 2 Ves. Sr. 267, 268.

COOLEY, C. J. Complainant, who is one of the heirs at law of Alexander C. Alexander, late of the county of Ionia, and is the assignee of the other heirs, filed his bill in equity to set aside a mortgage given by the defendant Catharine Alexander to the defendant Harvey A. Rice for the sum of two thousand dollars, upon lands belonging to the estate. Catharine Alexander is the widow of Alexander C. Alexander, and the case turns upon the validity of the mortgage she gave.

It appears that at the time of the death of Alexander C. Alexander there was a mortgage on the lands in question, which was then held by Ira Davenport of Bath, New York. Davenport died in 1868, leaving a last will in which John Davenport, Ira Davenport, Jr. and Martin Adsit were named executors. The will was probated in Steuben county, New York, June 11, 1868, and letters testamentary were issued to John and Ira Davenport. On the 29th of the same month letters were issued by the same surrogate to all three of the executors. No explanation of these proceedings is given.

On July 8, 1868, a copy of the will and of the probate was produced and filed in the office of the judge of probate of Clinton county in this State, and the judge made an order for hearing upon it, August 3, 1868. No petition is on file in

the case, and the order for hearing does not refer to any such petition nor does it appear, either from the will or from the order, that there was any property belonging to the estate of Davenport to be administered in Clinton county. On the day named for hearing, an order was made by the judge of probate for the probate and recording of the will in Clinton county, and for the issue of letters testament. ary to the three executors.

On August 20, 1868, proceedings were begun for the foreclosure of the mortgage by advertisement. The notice for the purpose was signed by John Davenport and Ira Davenport, and took no notice of the other executor. There is nothing in this case to show that Adsit had ever acted as executor, or that he was living at the time the foreclosure was begun. Neither is there anything to show the contrary. A sale was had under the notice, and the mortgaged premises were purchased by Joshua W. Waterman.

Before the year for redeeming from this sale had expired, Mrs. Alexander, who had been appointed administrator of her husband's estate, made an arrangement with Joshua W. Waterman, whereby she was to have three years to make payment in. Waterman gave her an ordinary land contract, in which he was named vendor of the land, and she, in her capacity of administrator, was named vendee, and she at the time paid him $800 of moneys belonging to the estate. A new contract was made between the parties in June, 1872, whereby Mrs. Alexander obtained further time for making payment. In this contract her administrative character was dropped.

In the following year Mrs. Alexander made arrangement with the defendant Harvey A. Rice for a loan which would enable her to pay off Waterman and obtain the title to the lands. To enable her to carry this arrangement into effect, Waterman conveyed the lands to her in pursuance of the second contract, and she then gave to Rice the mortgage which is now in controversy. At the time Waterman conveyed to Mrs. Alexander he had an apparent title of record. The sheriff's deed on the foreclosure sale was duly filed at

the time, or soon after the sale was made, and it was put on record three or four years afterwards.

On behalf of complainant it is contended that the mortgage foreclosure was void. The executors, it is said, were not entitled to foreclosure by virtue of the letters issued to them in the state of New York, and those issued to them in Michigan were invalid for the want of any petition to set the probate court of Clinton county in motion, and the absence of any showing of the jurisdictional fact that there was property belonging to the estate to be administered in that county. This contention is met by a stipulation entered into by the solicitors for the respective parties, bearing date April 14, 1879, whereby it was agreed " that Ira Davenport and John Davenport were duly nominated and appointed the executors of the last will and testament of said Ira Davenport, deceased, and took upon themselves, in pursuance of said appointment, the execution of such trust, and acted as such executors in the foreclosure proceedings had for the purpose of foreclosing said mortgage."

This stipulation must be understood to refer to the appointment by the letters issued in this State. But it is said on behalf of complainant that the stipulation is of matter of law, not of fact; and therefore not competent; and that in point of law the letters to these executors were not valid for the reasons already mentioned. We do not agree in this. The probate courts of this State are courts of general jurisdiction in probate matters, and if, consistent with what appears in their records, any showing might have been made which would support their orders, we must assume, with this stipulation before us, that such a showing was made before the probate court of Clinton county made the order for publication of notice. The showing required in this case was that there was property belonging to the estate in the county of Clinton. This might have been made either by the sworn petition or by oral proof; the latter method was equally admissible with the former. The parties might have stipulated that an oral showing was made, and it would have been sufficient : but they have chosen to

make a stipulation that covers all the essentials of valid probate action, and we have no doubt of their competency to do so, or that they are bound by what they have done in that regard.

That two only of the executors acted in foreclosing the mortgage is of no importance. It does not appear that the third executor ever gave bond or qualified; and if the two named in the stipulation acted under competent authority, the fact that a third party might, by taking the proper steps, have united with them, will not affect their action.

It is further contended that Rice did not take his mortgage in reliance upon a record title in Mrs. Alexander, and that it must be concluded, under the proofs in the case, that Rice knew all the facts, and knew that the lands did not belong to Mrs. Alexander but to the heirs. As has been already said, the record title was in Mrs. Alexander, and we are directed to no evidence which brings home to Rice knowledge or notice that she was not owner in fact. This being so, complainant has failed to make out any case against the mortgage.

The decree must be reversed, and the bill dismissed with costs.

The other Justices concurred.