MARY H. HERRICK v. FRANK L. CARPENTER ET AL.

*Executors.—Power to convey lands—Authority of survivor.*

1. The term "survivors," as used in a will authorizing the executors or the survivors or survivor to convey land, applies to those who have accepted the trust and qualified.

2. A testator nominated his wife and brother and an attorney as executors of his will, giving to them and to the survivors and survivor power to sell and convey land. The wife died before probate, and the attorney failed to qualify. Letters testamentary issued to the brother, and as sole executor he conveyed certain land in satisfaction of a mortgage; which deed is held effectual to convey all the interest which the testator had in his lifetime in the premises conveyed.

Appeal from Ottawa. (Arnold, J.) Submitted on briefs June 16, 1892. Decided July 1, 1892.

Bill to declare valid an executor's deed, and, if held invalid, to reinstate a mortgage in satisfaction of which the deed was executed. Defendant Carpenter appeals. Decree holding the deed valid affirmed. The facts are stated in the opinion.

*George A. Farr*, for complainant, contended for the doctrine of the opinion.

*Frank L. Carpenter*, appellant in *pro. per.*, contended:

1. The necessary parties are not before the court, complainant having discontinued as to the Harris minors, the beneficiaries in the trust created by the will, who are the substantial parties;

and especially is this so in foreclosing a mortgage against a trustee; citing Wilt. Fore. § 147, and notes; Story, Eq. Pl. §§ 197, 207; 2 Jones, Mort. §§ 1394, 1397, and notes; *Chamberlain v. Lyell*, 3 Mich. 459; *Dederick v. Barber*, 44 Id. 19; *Glass v. Glass*, 50 Id. 289.

2. Here, as is often the case, the office of trustee and donee in the power is separate and distinct from that of executor, though held by the same person, and in such a case the trustee may be removed, and the same person left to act as executor; citing 1 Perry, Trusts, § 281, and notes.

3. Failure to give a bond does not divest a trustee's title; citing 1 Perry, Trusts, § 262 (note 1); *Gardner v. Brown*, 21 Wall. 36; *Palmer v. Oakley*, 2 Doug. 433; *Carpenter v. Harris*, 51 Mich. 223, 225; *Lafferty v. Bank*, 76 Id. 35, 86; and all the trustees or donees in a power constitute but one office, and all must join in every act to make it valid; citing 4 Kent, Com. 326; Perry, Trusts, §§ 411, 412, 493; 2 Story, Eq. Jur. § 1062; How. Stat. § 5628; *Scott v. Society*, 1 Doug. 119, 149; *Loud v. Winchester*, 52 Mich. 174, 184; *Rock River Paper Co. v. Fisk*, 47 Id. 212; *Perrin v. Lepper*, 72 Id. 454, 486; *Weise v. Rich*, 77 Id. 325; *Shaw v. Canfield*, 86 Id. 1, 5; and where the same persons are executors and trustees, and the power is given to the person and not to the office, a disclaimer by one does not vest the power in the acting trustee; citing 1 Perry, Trusts, § 273; *Wilson v. Pennock*, 27 Penn. St. 238; and the law presumes that every gift, in trust or otherwise, is accepted, till the contrary is shown; citing 1 Perry, Trusts, § 259; *Hatch v. Village of St. Joseph*, 68 Mich. 220, 229.

4. The claim of complainant was never proved against Myron Harris' estate, and Israel V. Harris, as executor, had no right to admit it; citing *Fish v. Morse*, 8 Mich. 34; *Clark v. Davis*, 32 Id. 154; *Green v. Probate Judge*, 40 Id. 244; *Shurbun v. Hooper*, Id. 503; *White v. Ledyard*, 48 Id. 265, 266; *Probate Judge v. Abbott*, 50 Id. 278, 283; *Willard v. Van Leeuwen*, 56 Id. 15, 18; *Shelden v. Warner Estate*, 59 Id. 444, 454; *Barry v. Davis*, 33 Id 515; and where an executor traffics in the property of the estate, for his own benefit, as here, paying a debt not proved, and for one-half of which legally, and the whole equitably, he was liable, the conveyance for that purpose is void; citing How. Stat. §§ 5583, 6042; *Hoffman v. Harrington*, 28 Mich. 90, 95; *Sheldon v. Rice Estate*, 30 Id. 296, 301; *Pierce v. Holzer*, 65 Id. 263, 273; *Brown v. Watson*, 66 Id. 223; *McKay v. Williams*, 67 Id. 547, 552; 2 Wms. Ex'rs (6th Amer. ed.), 1002 (note *x*), 1004 (note *d*); Schouler, Ex'rs, § 359.

LONG, J. The complainant is a resident of the state

of New York. She filed her bill in the circuit court in chancery of Ottawa county to have declared valid a certain deed of conveyance, and upon failure to establish the validity of such deed to have reinstated a certain mortgage theretofore discharged of record by her, and for the foreclosure of such mortgage.

It appears that on October 15, 1873, Myron Harris and Israel V. Harris gave to the complainant their promissory note for the sum of $4,704.93, due in two years from that date, with interest at 7 per cent. To secure the payment of this note they executed and delivered to her an indenture of mortgage bearing the same date, covering the S. E. ¼ of section 15, except about 30 acres thereof theretofore sold to Miner Hedges, and also the N. W. ¼ of section 26, all in town 7 N., range 13 W., this State. This land was owned by Myron Harris in his own name. The mortgage was duly acknowledged and placed on record in the office of the register of deeds of Ottawa county. September 1, 1880, Myron Harris died, leaving a last will and testament. The provisions of the will necessary to a solution of the questions involved in the present controversy are as follows:

"I, Myron Harris, of the township of Tallmadge, Ottawa county, Michigan, being of sound mind, memory, and understanding, do hereby make and declare this my last will and testament, hereby revoking all former wills:

"I hereby constitute and appoint my beloved wife, Miriam Harris, and my beloved brother, Israel V. Harris, and Frank L. Carpenter, and the survivors and survivor of them, executors and executor of this my last will and testament.

"I give and devise all my messuages, lands, and tenements wheresoever situated, and all my interest in land of whatever kind or nature, and all personal property that I may die possessed of, to my said executors, Miriam Harris, Israel V. Harris, and Frank L. Carpenter, to the survivors and survivor of them, absolutely, with the same title to, interest in, and control over the same that I

myself do or could have; in trust, nevertheless, for the execution of my will; and it is my will that the said executors and survivors and survivor of them shall use and employ said property, and the rents, profits, and avails arising in any wise therefrom, in paying my just debts, and for the maintenance, education, and benefit of my three minor daughters, Myra Harris, Lucy C. Harris, and I. Victoria Harris; and, in case any residue shall remain after such maintenance and education, on the coming of age of the youngest of said daughters, such residue shall then be paid to said daughters, share and share alike.

"And I do authorize and empower said Miriam Harris, Israel V. Harris, and Frank L. Carpenter, and the survivors and survivor of them, at any time to lease, exchange, mortgage, pay taxes upon, pay or compromise incumbrances upon, and settle and compromise all questions of adverse titles respecting, any and all of said property herein devised to them, and to sell and convey for such price as they shall deem proper, in fee simple or for any less estate, all or any part of said messuages, lands, and tenements, and to receive, invest, and apply all rents, profits, and proceeds in any wise arising from said property, and to do any other act respecting said property which to them, or the survivors or survivor of them, may seem proper and expedient for getting said property into a productive state and for the benefit of the beneficiaries herein named.

" My reason for not naming my elder daughters, Mary and Martha, as beneficiaries in said trust is, my estate, when settled, will probably be small, and I think them already better provided for than said minor daughters will be; and I hereby nominate and appoint said Miriam Harris, and upon her death said Frank L. Carpenter, sole guardian of said minor daughters.

"And it is my will that said executors and the survivors and survivor of them and said guardian be not required to give any bond for the faithful performance of said duties as such executors and guardian.

" *Dated August* 23, 1880."

A few days after the death of Myron Harris his wife, Miriam Harris, died, and after her death the will was admitted to probate in Ottawa county, and letters testa-

mentary issued to Israel V. Harris as sole executor of the estate by the probate court on November 26, 1880, as Miriam Harris had deceased, and Frank L. Carpenter, the other executor named, had failed and neglected to qualify as executor under the will, or to file the requisite bond. Israel V. Harris remained the sole executor from that time forward, when upon the 4th day of December, 1885, there was due to the complainant upon the mortgage above mentioned the sum of $8,472.81 over and above all sums paid upon the same. Upon this date, it is claimed by the complainant, Israel V. Harris, as such sole executor, representing that he had full power and authority under the will to settle said mortgage debt, and to deed lands of the deceased in payment thereof, proposed that, if the complainant would release the mortgage, he, as such sole executor, would convey to her the N. W. $\frac{1}{4}$ of section 26 and the S. E. $\frac{1}{4}$ of section 15, all in town 7 N., range 13 W., excepting from the latter description those parcels before sold to Miner Hedges; also excepting 25 acres lying north of the highway of the E. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of section 15, town 7 N., range 13 W., contracted by Myron Harris to Edwin S. Porter,—the conveyance to the complainant to convey 266.34 acres of land. This deed was made, executed, and delivered by Israel V. Harris, as such sole executor, to the complainant, and duly recorded, and in consideration of which the complainant made and delivered to him a full and complete discharge of said mortgage. The deed contained the following recital:

"This deed is given, and accepted by said second party, as payment in full of a certain mortgage dated October 15, 1873, and recorded in Liber Z of mortgages, on page 198."

After this deed was delivered complainant treated the land as her own, paid taxes upon it, and made certain

written contracts to sell and convey certain portions of it,—one portion to James Ellis, for $862.40, on March 26, 1887; one portion to Warren S. Root, for $1,037, on January 31, 1888; one portion to Edward Thomas, for $820.20, about January 31, 1888; and one portion to Martin Dutkiewity, the same date, for the sum of $800. On each of these contracts a small amount of the purchase price was paid, the purchasers having five years and more in which to make their payments. These purchasers went into possession of their respective parcels.of land, and are now in possession. The remaining portion of the land not contracted to be sold is now in the complainant's possession, and she is cultivating and using it.

Myron Harris died, leaving five children, who are his only heirs at law, namely, Mary E. Jorden, Martha G. Bogue, who are adults, and Myra Harris, Lucy C. Harris, and I. Victoria Harris, infants. October 17, 1886, Israel V. Harris died, and upon his death Frank L. Carpenter made application to be appointed as executor of the last will and testament of Myron Harris, deceased. On March 21, 1887, he was so appointed by the probate court of Ottawa county, and letters testamentary duly issued to him, and he entered upon the execution of the trust under the will. By the death of Miriam Harris, Frank L. Carpenter, by the terms of the will, became the guardian of Myra, Lucy C., and I. Victoria Harris. After Frank L. Carpenter become sole executor of the will of Myron Harris, deceased, and acting as testamentary guardian for the infant heirs, he at once made the claim that the deed given by Israel V. Harris as sole executor to the complainant was void, and that, inasmuch as the complainant had discharged her mortgage, she had no rights in the lands covered by the deed, and had lost her lien under the mortgage. Mr. Carpenter also

notified Ellis, Thomas, Root, and Dutkiewity not to pay the complainant anything further upon their contracts, and they have refused to make such payments.

Edwin S. Porter and his wife are made parties defendant to the bill, as they claim to have some rights and interests in the premises described in the mortgage, but as we view the case their rights and interests will not be disturbed, and need not be set out here.

The court below made a decree finding the facts substantially as here set out, and thereupon decreed the deed made by Israel V. Harris, as sole executor of the estate of Myron Harris, a good and valid deed, and that Israel V. Harris, as such executor, had authority to convey the premises for the purposes and for the consideration in said deed contained; that by said deed the complainant became the owner of all the title to said premises that said Myron Harris had at his death; and that said deed is valid and sufficient in law against all persons claiming title to said premises through said Myron Harris. It was also decreed that the claim of title of Frank L. Carpenter to the premises, as executor of the estate of Myron Harris, deceased, is a cloud on the title of the complainant, and by the decree Frank L. Carpenter is perpetually enjoined from claiming or asserting any title to said premises as executor of the estate of Myron Harris, and from claiming or asserting that the deed from Israel V. Harris, as executor, to the complainant, is invalid, and conveyed no title to the complainant.

From this decree Frank L. Carpenter appeals.

The only question we need discuss is whether the deed from Israel V. Harris to the complainant is valid and effectual to convey to her the title to the premises in controversy. The claim upon the part of the defendant is that the deed is invalid for the reason that, Miriam Harris, Israel V. Harris, and Frank L. Carpenter being

named in the will as executors of Myron Harris, deceased, whatever power of disposition of the estate was granted by the will was granted to the three, and that one alone could not execute the trust.

How. Stat. § 5844, provides:

"When all the executors appointed in any will shall not be authorized, according to the provisions of this chapter, to act as such, such as are authorized shall have the same authority to perform every act and discharge every trust required and allowed by the will, and their acts shall be as valid and effectual for every purpose, as if all were authorized and should act together."

The will provides that the three executors named, and the survivors and survivor of them, are authorized and empowered at any time to sell and convey the property devised, or any part of it, and to pay or compromise incumbrances upon said lands, and to do any other act respecting the property which to them, or the survivors or survivor of them, may seem proper and expedient for the benefit of the beneficiaries named. Frank L. Carpenter failed to qualify as executor of that estate, leaving Israel V. Harris as the sole executor, Miriam Harris having died. Frank L. Carpenter was not, therefore, within the provisions of the statute, authorized to act in the premises. Section 5835, How. Stat., provides:

"Every executor, before he shall enter upon the execution of his trust, and before letters testamentary shall issue, shall give bond to the judge of probate in such reasonable sum as he may direct, with one or more sufficient sureties."

The rule is settled in this State that by force of the statute, and without reference to the common-law rule, qualified executors may execute the trust in all respects, though a larger number are named in the will, some of whom have not qualified. *Vernor v. Coville,* 54 Mich. 281; *Alexander v. Rice,* 52 Id. 451. By the

terms of the will it is directed that the survivors or survivor may execute the trust, and, under its plain provisions, the survivor of the executors, Israel V. Harris, would undoubtedly be authorized to act, as such failure of Frank L. Carpenter to qualify would leave Israel V. Harris as the surviving executor. It was said by this Court in *Alexander v. Rice, supra:*

" That two only of the executors acted in foreclosing the mortgage is of no importance. It does not appear that the third executor ever gave bond or qualified; and if the two named in the stipulation acted under competent authority, the fact that a third party might, by taking the proper steps, have united with them, will not affect their action."

Whatever estate was conveyed to the executors by the terms of this will was conveyed to them as executors, and not a personal trust. The trust was to them in their official capacity and a power surviving to the sole executor. It is well settled that by " survivors " is meant those who have accepted the trust. *Weimar v. Fath,* 43 N. J. Law, 1.

We think the court below correctly held that the deed executed by Israel V. Harris to the complainant was effectual to convey all the interest which Myron Harris had in his life-time in the premises so conveyed.

The decree of the court below is affirmed, with costs.

The other Justices concurred.