## ESTATE OF EDWARD BARRETT, DECEASED.

[No. 21,229; decided June 24, 1899.]

**Administration—Whether Relatives Entitled to.**—The relatives of a decedent are entitled to administer only when they are entitled to succeed to the personal estate or some part thereof.

**Administrator—Right to Nominate.**—In the case of a surviving husband or wife the right to nominate an administrator under section 1365 of the Code of Civil Procedure is absolute, while in the case of other persons contemplated by section 1379 the right is at most a mere power to address a recommendation to the discretion of the court.

**Administrator—Relation Toward Heirs and Estate.**—An administrator sustains to the estate, the heirs and other persons interested the relation of trustee. He takes neither an estate, title nor interest in the lands of the intestate, but a mere naked power to sell for specific purposes.

**Administrator—Death of Nominor.**—If the Daughter of a deceased person gives a third person authority to apply for letters of administration in her behalf, the power so granted ceases and determines at her death.

**Descent—Vesting of Estate in Heir.**—Immediately upon the Death of an ancestor his estate, both real and personal, vests at once by the single operation of law in the heir.

**Descent—Law Purely Statutory.**—The Descent of Estates of deceased persons is purely a matter of statutory regulation.

**Descent—Husband as Heir of Wife.**—If a Widower Dies Intestate leaving collateral relatives and one child, a daughter, and she, before the estate is administered, dies intestate without issue, leaving neither father, mother, brother, nor sister, the estate vests in her surviving husband as her heir under subdivision 5 of section 1386 of the Civil Code.

**Administration—Husband as Relative of Wife.**—A husband is of "kin" to his wife and her "relative," so as to be entitled to administer on her estate under section 1365 of the Code of Civil Procedure.

**Administration of Wife's Estate by Husband.**—If a widower dies intestate leaving collateral relatives and one child, a daughter, and she, before the estate is administered, dies intestate, without issue, her surviving husband is entitled to administer her estate as against the collateral relatives of her father.

**Administration Follows Property.**—The Right to Administer follows the property.

**Administration—Statutory Kinship.**—The Law of Administration contemplates a legal or statutory kinship as well as a kinship by blood.

**Administrator—Competency Determined of What Time.**—It is the status of the petitioner at the time of the grant of administration that determines his competency.

**The Public Administrator must Always Give Way to the Relatives** who are entitled to succession, provided they are qualified to assume the functions of administration.

The opinion in Estate of Barrett was destroyed in the great fire of 1906.

## AUTHORITY OF ONE OF SEVERAL EXECUTORS OR ADMINIS-TRATORS.

### Powers in General.

**At Common Law.**—Where two or more executors or administrators are appointed, the common law esteems them as one person representing the decedent. Hence each has authority to perform any act, in the ordinary course of administration, that all can do; the acts of one are deemed the acts of all, and bind all and the estate accordingly, inasmuch as corepresentatives have a joint and entire authority over the assets of their decedent. Each has full authority in matters of administrative detail: Willis v. Farley, 24 Cal. 490; Wilkerson v. Wootten, 28 Ga. 568; Scruggs v. Gibson, 40 Ga. 511; Alerding v. Allison, 170 Ind. 252, 127 Am. St. Rep. 363, 83 N. E. 1006; Clark's Exrs. v. Farrar, 3 Mart. (O. S.) 247; Bodley v. McKinney, 9 Smedes & M. (17 Miss.) 339; Bank of Port Gibson v. Baugh, 9 Smedes & M. (17 Miss.) 290; Mutual Life Ins. Co. v. Sturges, 33 N. J. Eq. 328; Murray v. Blatchford, 1 Wend. 583, 19 Am. Dec. 537; In re Bradley, 25 Misc. Rep. 261, 54 N. Y. Supp. 555; Arkenburgh v. Arkenburgh, 27 Misc. Rep. 760, 59 N. Y. Supp. 612; Chapman v. City Council of Charleston, 30 S. C. 549, 9 S. E. 591, 3 L. R. A. 311; Boudereau v. Montgomery, 4 Wash. C. C. 186, Fed. Cas. No. 1694; Edmonds v. Crenshaw, 14 Pet. 166, 10 L. ed. 402; Owen v. Owen, 1 At. 494, 26 Eng. Reprint, 313; Ex parte Rigby, 19 Ves. Jr. 463, 2 Rose, 224, 34 Eng. Reprint, 588. This is an exception of the rule that where a trust or authority is delegated for mere private purposes, the concurrence of all who are intrusted with the power is requisite to its due execution; and distinguishes executors and administrators from technical trustees, who in equity are regarded as forming one collective trustee, and must therefore execute the duties of the office in their joint capacity: De Haven v. Williams, 80 Pa. 480, 21 Am. Rep. 107; Fesmire v. Shannon, 143 Pa. 201, 23 Atl. 898.

"Coexecutors, however numerous, constitute an entity and are regarded in law as an individual person. Consequently the acts of any one of them in respect to the administration of estates are deemed to be the acts of all, for they have all a joint and entire authority over the whole property. Thus one of two executors may assign a note belonging to the estate of the testator, or make sales and transfers

of any personal property of the estate. He may release or pay a debt, assent to a legacy, surrender a term or make an attornment without the consent or sanction of the others. 'If a man appoints several executors, they are esteemed in law as but one person representing the testator, and acts done by any one of them which relate to the delivery, gift, sale or release of the testator's goods are deemed the acts of all.' It would seem to follow from this principle that they have the power of joint and several agents of one principal and that any act done or performed by one within the scope and authority of his agency is a valid exercise of power and binds his associates": Barry v. Lambert, 98 N. Y. 300, 50 Am. Rep. 677.

A modification of the general rule that the act of one executor is the act of all would seem to arise where the will requires special acts to be performed outside the common course of administration, and confides their performance to several executors at their discretion, as where power is conferred to raise money by mortgaging the property of the estate (Port Gibson Bank v. Baugh, 9 Smedes & M. (Miss.) 290), or where power is given to make investments (Holcomb v. Holcomb's Exrs., 1 N. J. Eq. 281; Holcomb v. Coryell, 1 N. J. Eq. 476), or where power is' given to continue the mercantile business of the testator for the benefit of his estate: Werborn v. Austin, 77 Ala. 381.

**Under Statutes.**—How far the common-law rule as to the authority of one executor or administrator to act independently of his associates has been modified, if at all, by statute, does not appear from the adjudicated cases. It would seem, however, that from the terms of some statutes the legislature has intended some modification. Section 1355 of the California Code of Civil Procedure provides: "When all the executors named are not appointed by the court, those appointed have the same authority to perform all acts and discharge the trust, required by the will, as effectually for every purpose as if all were appointed and should act together; where there are two executors or administrators, the act of one alone shall be effectual, if the other is absent from the state, or laboring under any legal disability from serving, or if he has given his coexecutor or coadministrator authority in writing to act for both; and where there are more than two executors or administrators, the act of a majority is valid." Other states have statutes substantially the same as the California: Ariz. Rev. Stats. 1642; Idaho Rev. Stats. 5346; Mont. Code Civ. Proc. 2406; N. D. Rev. Code, 8016; Okl. Rev. Stats. 1527; S. D. Pro. Code, 75; Utah Rev. Stats. 3910; Wyo. Rev. Stats. 4633. But in Texas the statute provides that "should there be more than one executor or administrator of the same estate at the same time, the acts of one of them as such executor or administrator shall be as valid as if all acted jointly," except in the conveyance of real estate: Armstrong v. O'Brien, 83 Tex. 635, 19 S. W. 268.

**Distinction Between Executors and Administrators.**—Some authorities have attempted to distinguish between executors and administrators, conceding that one executor can bind his associates in matters

of administration, but denying that one administrator can bind his. The reason advanced for this has been that an executor derives his authority from the appointment of the testator, whereas an administrator derives his authority from the appointment of the law: Mangrum's Admrs. v. Simms, 4 N. C. 160; Gordon v. Finlay, 10 N. C. 239; Jordan v. Spiers, 113 N. C. 344, 18 S. E. 327. This reason has little force under the present law of administration whereby executors and administrators both substantially derive their authority from the court of probate, the former being designated by the testator, the latter by statute, and both must receive the approbation of the court before they qualify. The distinction is not generally recognized, and the more approved doctrine is that executors and administrators stand on the same footing in regard to their power to act singly: Willis v. Farley, 24 Cal. 490; Beecher v. Buckingham, 18 Conn. 110, 44 Am. Dec. 580; Herald v. Harper, 8 Blackf. (Ind.) 170; Douglass v. Satterlee, 11 Johns. 16; Gage v. Johnson's Admr., 1 McCord, 492; Jacomb v. Harwood, 2 Ves. 265, 28 Eng. Reprint, 172. "Though it was formerly held otherwise, it seems to be now the settled law that joint administrators stand on the same footing, and are invested with the same authority in respect to the administration of the estate as coexecutors. Like them, they are regarded in law as one person; and consequently the acts of one of them, in respect to the administration, are deemed to be the acts of all, inasmuch as they have a joint and entire authority over the whole property": Dean v. Duffield, 8 Tex. 235, 58 Am. Dec. 108.

### Collection of Assets, Payment of Debts, and Other Administrative Acts.

In General.—It is elementary that an executor or administrator is entitled to the possession and control of the effects of his decedent for purposes of administration until the estate is settled or delivered over by order of the court to the heirs or legatees: Page v. Tucker, 54 Cal. 121; Freese v. Hibernia Sav. & Loan Soc., 139 Cal. 392, 73 Pac. 172; Butler v. Smith, 20 Or. 126, 25 Pac. 381; Noble v. Whitten, 38 Wash. 262, 80 Pac. 451. When there are two or more executors or administrators, each is, as a rule, equally entitled to possession and control: Abila v. Burnett, 33 Cal. 658; Gates v. Whetstone, 8 S. C. 244, 28 Am. Rep. 284; Edmonds v. Crenshaw, 39 U. S. (14 Pet.) 166, 10 L. ed. 402; and each is entitled to receive or collect any assets belonging to the estate, and to collect any debts owing thereto and discharge the debtors. They are not bound to act jointly in such matters: Bagby v. Hudson, 11 Ky. Law Rep. 581; Bryan's Exrs. v. Thompson's Admrs. 7 J. J. Marsh. (30 Ky.) 586; Shaw v. Berry, 35 Me. 279, 58 Am. Dec. 702; Mitchell v. Williamson, 6 Md. 210; Duncan v. Davison, 40 N. J. Eq. 535, 5 Atl. 93; Wood v. Brown, 34 N. Y. 337; Murray v. Blatchford, 1 Wend. 583, 19 Am. Dec. 537; Hoke's Exrs. v. Fleming, 32 N. C. 263; Stone v. Union Sav. Bank, 13 R. I. 25; Gates v. Whetstone, 8 S. C. 244, 28 Am. Rep. 284; Hyatt v. McBurney, 18

S. C. 199; Gage v. Johnson's Admr., 1 McCord, 492; Waring v. Purcell, 1 Hill Eq. 193; Gleason v. Lillie, 1 Aik. (Vt.) 28; Mills v. Mills' Exrs., 28 Gratt. 442. Ordinarily one executor has no power to exclude his associates from the possession of assets or to deprive them thereof: Hall v. Carter, 8 Ga. 388. Yet where an executor jeopardizes the funds of the estate by his mismanagement or insolvency, equity may compel him to restore the funds: Elmendorf v. Lansing, 4 Johns. Ch. 562; or in a proper case appoint a receiver: Jenkins v. Jenkins, 1 Paige, 243. In order to obviate a resort to a court of equity in such an emergency, the New York statute provides that where two or more executors or administrators disagree as to the custody of the money or property intrusted to their care, the surrogate may give directions in the premises: Matter of Adler, 60 Hun, 481, 15 N. Y. Supp. 227; Matter of Eisner, 6 App. Div. 563, 39 N. Y. Supp. 718; In re Hoagland, 51 N. Y. App. Div. 347, 64 N. Y. Supp. 920.

When a daughter and her father are appointed executrix and executor of her mother's will, she has the same right to receive, control and disburse funds of the estate, including a legacy to her, as he has: In re Russell, 110 N. Y. Supp. 706, 126 App. Div. 607. But it has been doubted that two executors may, against the protest of a third one, check out of bank the succession funds: Allen v. Louisiana Nat. Bank, 50 La. Ann. 366, 23 South. 360.

Under a statute providing that an executor or administrator may institute a proceeding to discover property, one of two administrators may proceed alone: In re Ten Eyck, 3 Dem. Sur. (N. Y.) 1; and a distress warrant in favor of one of two administrators may issue on the affidavit of one of them: Scruggs v. Gibson, 40 Ga. 511. One administrator may release a cause of action: Bryan's Exrs. v. Thompson's Admrs., 30 Ky. (7 J. J. Marsh.) 586.

The title and right of access of each executor to the books and papers of the decedent are equal. Either is entitled to inspect them and to know for himself what they contain: Matter of Stein, 33 Misc. Rep. 542, 68 N. Y. Supp. 933. It is probably competent, however, for the several executors to determine which one of them shall have the manual custody of the books and papers of the estate: Bronson v. Bronson, 48 How. Pr. 481.

Confession of Judgments.—It seems that one of two or more executors cannot, without the knowledge or consent of the others who are acting, confess a judgment which would bind the estate or the other executors. The law gives to each executor the right to plead a separate plea to protect himself, and the other cannot deprive him of that right, or the estate of his judgment and assistance. Although each executor may control and dispose of the chattels of the estate, he cannot by his sole act affect or bind his coexecutors, so as to make them personally responsible, which he might do if he could admit debts or confess judgments without their knowledge or consent: Forsyth v. Ganson, 5 Wend. 558, 21 Am. Dec. 241; Hall v. Boyd, 6 Pa. 267; Heisler v. Kipe, 1 Browne, 319; Karl v. Black, 2 Pitts. Rep. 19.

**Allowance of Claims.**—Since the act of one executor or administrator, when there are two or more acting, is the act of all, the allowance of a claim against the estate by one of the representatives binds the estate: Willis v. Farley, 24 Cal. 490; Cross v. Long, 66 Kan. 293, 71 Pac. 524; and his rejection is likewise binding on the estate so that an action may then be maintained to enforce the claim: Coburn v. Harris, 53 Md. 367; Dean v. Duffield, 8 Tex. 235, 58 Am. Dec. 108. But when the will authorizes the executors (where the law permits such a procedure) to administer without the intervention of the probate court, it has been decided that all must concur in allowing a claim: McLane v. Belvin, 47 Tex. 493. And it has been held that where the claim of one executor against the estate is disputed by his coexecutor, the orphans' court cannot allow it: Middleton v. Middleton, 35 N. J. Eq. 115.

**Arbitration and Compromise.**—One of several executors may enter into an amicable action and submit to arbitration, and thereby bind the estate: Lank v. Kinder, 4 Harr. (Del.) 457. And where two joint executors have obtained a decree of the probate court, under the statute provided therefor, to compromise claims against the estate in a certain manner, the settlement of the claims by either is valid and binds the other: Gilman v. Healy, 55 Me. 120.

**Execution of Contracts.**—The general rule is, that an executor or administrator cannot, except as expressly authorized by the will or statute, create an obligation which will give a cause of action against an estate. By virtue of his authority as personal representative, he ordinarily cannot create such an obligation. But unless he stipulates to the contrary, such a contract may bind himself personally: Renwick v. Garland, 1 Cal. App. 237, 82 Pac. 89; Melone v. Ruffino, 129 Cal. 514, 79 Am. St. Rep. 127, 62 Pac. 93; Wilson v. Mason, 158 Ill. 304, 49 Am. St. Rep. 162, 42 N. E. 134; First Nat. Bank v. Collins, 17 Mont. 433, 52 Am. St. Rep. 695, 43 Pac. 499. A coexecutor or coadministrator stands in a no more favorable position in this respect than a sole executor or administrator; and it has been held that one administrator or executor cannot bind the estate or his associates by an agreement to borrow money: Bryan v Stewart, 83 N. Y. 270; nor by a note for an alleged claim against the estate: Boyer v. Marshall, 5 N. Y. St. Rep. 431; nor by an indorsement of a note: Bailey v. Spofford, 14 Hun, 86.

**Removal of Bar of Statute of Limitations.**—If it is conceded that a sole executor or administrator can, by an acknowledgment or new promise, remove from the debt of the decedent the bar of the statute of limitations so as to bind the estate (a question upon which the law varies in different jurisdictions), it would seem to follow that one of several executors or administrators may do so: Hord's Admr. v. Lee, 20 Ky. (4 T. B. Mon.) 36; Northcut v. Wilkinson, 12 B. Mon. (Ky.) 408; Head's Exr. v. Manner's Admrs., 5 J. J. Marsh. 255; Shreve v. Joyce, 36 N. J. L. 44, 13 Am. Rep. 417; Briggs v. Starke's Exrs., 2

Mill (S. C.), 111, 12 Am. Dec. 659. Some courts appear to limit this rule to cases where the acknowledgment or new promise is made before the debt is barred: McCann v. Sloan, 25 Md. 575; Pole v. Simmons, 49 Md. 14. The law is positive in some states that debts barred before the death of the decedent cannot be revived by his representatives: Etchas v. Orena, 127 Cal. 588, 60 Pac. 45; Barclay v. Blackington, 127 Cal. 189, 59 Pac. 834; Reay v. Heazelton, 128 Cal. 335, 60 Pac. 977; Estate of Mouillerat, 14 Mont. 245, 36 Pac. 185; Jones v. Powning, 25 Nev. 399, 60 Pac. 833; Clayton v. Dinwoodey, 33 Utah, 251, 93 Pac. 723; but the presentation and allowance of a claim arrests the running of the statute, if it has not already run its course, pending administration: Nally v. McDonald, 66 Cal. 530, 6 Pac. 390; German Sav. etc. Soc. v. Hutchinson, 68 Cal. 52, 8 Pac. 627; Wise v. Williams, 88 Cal. 30, 25 Pac. 1064; Estate of Tuohy, 33 Mont. 230, 83 Pac. 486; Frew v. Clark, 34 Wash. 561, 76 Pac. 85.

Said the supreme court of Massachusetts in Haskell v. Manson, 200 Mass. 599, 86 N. E. 937: "It is the rule in this commonwealth, in England, and in most of the American states, that an executor or administrator is not bound to plead the general statute of limitations: Scott v. Hancock, 13 Mass. 162; Baxter v. Penniman, 8 Mass. 133; Emerson v. Thompson, 16 Mass. 429; Slattery v. Doyle, 180 Mass. 27, 61 N. E. 264; Field v. White, L. R. 29 Ch. Div. 358; Midgly v. Midgly, [1893] 3 Ch. 282; Shreve v. Joyce, 36 N. J. L. 44, 13 Am. Rep. 417; Johnson v. Beardslee, 15 Johns. (N. Y.) 3; Hord's Admr. v. Lee, 4 T. B. Mon. (Ky.) 36. So, too, it is a general doctrine that payment by one of two or more just executors will have the same effect as payment by all. Such is the usual effect of an authorized official act of an executor, so far as it relates to the property of the estate. But the rule that an executor or administrator is not bound to plead the statute of limitations is an exception to the general rule that it is his duty to protect the property and interests of the estate under his charge. It is universally agreed that it ought not to be extended. An executor or administrator is liable for a devastavit, if the estate suffers through his failure to plead the statute of frauds: Field v. White, L. R. 29 Ch. 358. An executor has no right to create a liability against the estate by making a new and independent contract to pay an alleged debt.

"The above-mentioned exception relative to the statute of limitations is founded upon the theory that an acknowledgment and new promise does not create a new liability, but continues in force an old one that otherwise might not be enforceable. There is some ground for holding that, where a debt has been barred by the statute before the death of the debtor, an administrator or executor should not be permitted to revive it, by a partial payment, or a new promise or acknowledgment of any kind. Although the distinction has not been established in this commonwealth between the effect of a payment and acknowledgment by an executor or administrator of a debt which was

not barred at the time of his appointment, and the payment of a debt that was barred in the lifetime of the debtor; and although theoretically the nature of such a new undertaking by the original debtor may have been treated as the same in reference to a debt already barred as in reference to a debt against which the time of limitation has not expired, it is a significant fact that, in every case that we have found in Massachusetts in which a payment or acknowledgment by an executor or administrator was held to have extended the time, the debt was not barred in the lifetime of the debtor. The executor or administrator was simply continuing in force a debt which was collectible from him after his appointment. In Pole v. Simmons, 49 Md. 14, a promise by an executor, after the statute had fully run in the lifetime of the debtor, was treated as a new promise, made without authority, and insufficient to create a liability: See, also, Peck v. Botsford, 7 Conn. 172, 18 Am. Dec. 92; Cayuga County Bank v. Bennett, 5 Hill, 236. In many of the states of this country, either under statutes or the decisions of the courts, a debt which was barred in the lifetime of the debtor cannot be revived by his representative after his death: McLaren v. McMartin, 36 N. Y. 88; Fritz v. Thomas, 1 Whart. (Pa.) 66, 29 Am. Dec. 39; Unknown Heirs of Langworthy v. Baker, 23 Ill. 484; Patterson v. Cobb, 4 Fla. 481; Etchas v. Orena, 127 Cal. 588, 60 Pac. 45; Van Winkle v. Blackford, 33 W. Va. 573, 11 S. E. 26; Smith v. Pattie, 81 Va. 654; Bambrick v. Bambrick, 157 Mo. 423, 58 S. W. 8; O'Keefe v. Foster, 5 Wyo. 343, 40 Pac. 525; Jones v. Powning, 25 Nev. 399, 60 Pac. 833; In re Mouillerat's Estate, 14 Mont. 245, 36 Pac. 185; Rector v. Conway, 20 Ark. 79; Moore v. Hardison, 10 Tex. 467.

"It has never been decided in Massachusetts that a payment made by one of two executors against the objection of his coexecutor, upon a note which was barred by the statute in the lifetime of the testator, would revive the note, nor has it been so decided in England. The lords justices of the court of appeal, in a late case, preferred to leave this subject open for future consideration: Midgly v. Midgly, [1893] 3 Ch. 282."

### Sales, Conveyances, and Other Transfers of Property.

Sales of Personal Effects.—One of two or more executors or administrators may, at the common law, by virtue of his authority over the entire personal estate of the decedent, sell or assign the personal assets of the estate as fully as though his associates joined in the transfer. This rule includes assignments of choses in action: Beecher v. Buckingham, 18 Conn. 110, 44 Am. Dec. 580; Dwight v. Newell, 15 Ill. 333; George v. Baker, 85 Mass. (3 Allen) 326; Wheeler v. Wheeler, 9 Cow. 34; Chapman v. Charleston, 30 S. C. 549, 9 S. E. 591, 3 L. R. A. 311. In England one of two executors cannot make a transfer of railway stock, registered in the names of both, under the companies clause act: Barton v. North Staffordshire R. Co., 57 L. J. Ch. 800, 38 Ch. D. 458, 58 L. T. 549, 36 W. E. 754.

**Indorsement or Transfer of Notes.**—One of two executors or administrators may transfer a note payable to the decedent, since they are considered as holding one office, and the act of one, in settling the estate, is equivalent to the act of all: Dwight v. Newell, 15 Ill. 333; Sanders v. Blain, 6 J. J. Marsh. (29 Ky.) 446, 22 Am. Dec. 86; Wheeler v. Wheeler, 9 Cow. 34; Geddes v. Simpson, 2 Bay (S. C.), 533; Moseley v. Graydon, 4 Strob. (S. C.) 7. A number of authorities, however, are to the effect that a note payable to two or more executors or administrators, rather than to their decedent, cannot be transferred by one of them only: Clark v. Gramling, 54 Ark. 525, 16 S. W. 475; Sanders v. Blain, 6 J. J. Marsh. (29 Ky.) 446, 22 Am. Dec. 86; Smith v. Whiting, 9 Mass. 334; Johnson v. Mangrum, 65 N. C. 146. But it has been affirmed that a note given to two joint administrators may be transferred by one of them where it is given for a debt due the estate: Mackay v. St. Mary's Church, 15 R. I. 121, 2 Am. St. Rep. 881, 23 Atl. 108. In this case the court said: "Can a note given to two joint administrators be transferred by one of them? There is no question that one of two executors or administrators may transfer notes held by the deceased, for the reason that the several persons are considered as holding one office, and in the settlement of the estate, the act of one is equivalent to the act of all; the power of the office may be fully exercised by one, for each takes the whole in his representative capacity, and not a moiety: Stone v. Union Savings Bank, 13 R. I. 25. When, therefore, administrators, in collecting assets, take a note payable to themselves as administrators, though the form of the obligation be changed, its character is the same; it is still a debt due to the estate, not to them personally, and its proceeds are assets of the estate. We see no reason, therefore, why the same rule should not apply as though the obligation remained in its original form. The case is quite different from the ordinary case of joint payees, who may have adverse interests, and where each is entitled to hold his moiety of the obligation until he sees fit to part with it. In the ordinary cases of joint payees, excepting, of course, copartnerships, neither one represents the other; one alone, therefore, cannot transfer a note without the other. But where one represents the whole, as a partner or an administrator, the rule should follow the reason. And thus it has been held in Bogert v. Hortel, 4 Hill, 492, where the cases upon this point were carefully examined: See, also, 1 Daniel on Negotiable Instruments, sec. 268; and 1 Parsons on Notes and Bills, 159. Most of the cases to which we have been referred by the defendant are cases of individual joint payees and cases of partners after dissolution. In Sanders v. Blain's Admrs., 6 J. J. Marsh. (29 Ky.) 446, 22 Am. Dec. 86, the court said that the administrator and administratrix might have sued jointly or individually, but as the administrator had undertaken to act individually, not as administrator, he could not transfer the note without the other payee. Smith v. Whiting, 9 Mass. 334, is commented on in Bogert v. Hertel, 4 Hill, 492. In the present case, the notes were given for different amounts,

and in different tenor, for a debt due to the estate represented by the administrators. They were, therefore, assets of the estate, and as such we hold that they could be dealt with as other assets of the estate by either administrator."

Sale of Real Estate.—It was a rule of the early common law that when a power, not coupled with an interest, was given by will to two or more persons as executors to sell land, it could not be executed unless all the executors joined. In case one died, or renounced the executorship, or declined to join in the execution of the power, the surviving or acting executors could not make a valid sale. This rule, however, has long since been departed from, both in England and the United States, and the law now is that if one or more of the persons named as executors dies, refuses to act, renounces the executorship or fails to qualify, the others who do qualify and act may make a valid execution of the power. Even when only one of several executors qualifies and acts, he alone may make a good conveyance: Stewart v. Mathews, 19 Fla. 752; Wolfe v. Hines, 93 Ga. 329, 20 S. E. 322; Clinefelter v. Ayres, 16 Ill. 329; Wardwell v. McDowell, 31 Ill. 364; Anderson v. Turner, 10 Ky. (3 A. K. Marsh.) 131; Herrick v. Carpenter, 92 Mich. 440, 52 N. W. 747; Bartlett v. Sutherland, 24 Miss. 395; Phillips v. Stewart, 59 Mo. 491; Holcomb v. Coryell, 11 N. J. Eq. 476; Corlies v. Little, 14 N. J. L. 373; Weimer v. Fath, 43 N. J. L. 1; Cushman v. Cushman, 116 App. Div. 763, 102 N. Y. Supp. 258, affirmed in 191 N. Y. 505, 84 N. E. 1112; Roseboom v. Mosher, 2 Denio, 61; Bunner v. Storm, 1 Sand. Ch. 357; Matter of Bull, 45 Barb. 334, 31 How. Pr. 69; Correll v. Lauterbach, 12 App. Div. 531, 42 N. Y. Supp. 143, affirmed in 159 N. Y. 553, 54 N. E. 1089; Wood v. Sparks, 18 N. C. 389; Taylor v. Galloway, 1 Ohio, 232, 13 Am. Dec. 605; Zebach's Lessee v. Smith, 3 Binn. (Pa.) 69, 5 Am. Dec. 352; Wood v. Hammond, 16 R. I. 98, 17 Atl. 324, 18 Atl. 198; Jennings v. Teague, 14 S. C. 229; Love v. Love, 4 Tenn. (3 Hayw.) 13; Fitzgerald v. Standish, 102 Tenn. 383, 52 S. W. 294; Bedford v. Bedford, 110 Tenn. 204, 75 S. W. 1017; Johnson v. Bowden, 43 Tex. 670. But if two of the executors qualify and act in the administration, a power of sale in the will cannot be exercised by one of them alone: Smith v. Moore's Heirs, 36 Ky. (6 Dana) 417; Smith v. Shackelford, 39 Ky. (9 Dana) 452; Brown v. Doherty, 93 App. Div. 190, 87 N. Y. Supp. 563; Wasson v. King, 19 N. C. (2 Dev. & B.) 262; Flieschman v. Shoemaker, 2 Ohio C. C. 152; Neel v. Beach, 92 Pa. 221; Carroll v. Stewart, 4 Rich. 200; Hart v. Rust, 46 Tex. 556. Where a will confers a power of sale upon two executors and they both qualify, it has been held that the power must be exercised by both, although one has moved to another county and ceased actively to participate in the administration: Board of Education of Glynn County v. Day, 128 Ga. 156, 57 S. E. 359. Renunciation may be presumed, after the lapse of a long period of time, in order to sustain the validity of a conveyance made by less than the whole number of executors named in the will:

Eskridge v. Patterson, 78 Tex. 417, 14 S. W. 1000; Nelson v. Carrington, 4 Munf. (Va.) 332, 6 Am. Dec. 519.

Where a will authorizes the executors, or a majority of them, to sell land, a deed made by less than a majority is ineffectual: Carmichal v. Elmendorf, 7 Ky. (4 Bibb) 484. And where a will directs the executors to convey real · estate, and there are three of them who all qualify, a conveyance executed by only two is ineffectual: McRae v. Farrow, 4 Hen. & M. (Va.) 444. But many statutes now provide that in case there are more than two executors or administrators, the act of a majority is valid; and under such statutes it would seem that a majority of the executors or administrators who qualify may execute a power of sale contained in the will: Cal. Code Civ. Proc., 1355; Ariz. Rev. Stats., 1642; Idaho Rev. Stats., 5346; Mont. Code Civ. Proc., 2406; Nev. Comp. Laws, 2818; N. D. Rev. Code, 8016; Okl. Rev. Stats. 1527; S. D. Pro. Code, 75; Utah Rev. Stats., 3910; Wyo. Rev. Stats., 4633; Stockdals v. McKown, 1 Nott & McC. 41.

"At common law, if a naked power was given by will to two or more persons as executors to sell lands, it was incapable of valid execution, unless all on whom it was conferred joined. If one died, or renounced the executorship, the surviving or acting executors could not make the sale. It was also the rule that if the power was coupled with an interest, then, if one or more died, or renounced, it would survive, and was capable of execution by the acting executors. If there was a devise to executors by name, with directions to sell, the descent to the heir was intercepted, .and the freehold passed to the donees, coupling an interest with the power; and it was capable of execution by such of the executors as accepted the trust or remained alive. The interest feeding the power and keeping it alive was not a personal interest in the trust; it was the possession, virtute officii, of the legal estate over which the power was to be exercised. A mere devise that executors should sell lands, not intercepting the descent to the heir, nor passing any estate to the executors, was a naked power to sell, which could not be satisfied, unless all joined in its execution": Tarver v. Haines, 55 Ala. 503.

Leases for Years are assets in the hands of administrators, and an assignment thereof by one binds the others: Lewis' Heirs v. Ringo, 10 Ky. (3 A. K. Marsh.) 247. If one of several administrators believes the continuance of a lease reserving rent for the payment of which his decedent has bound himself as surety to be injurious to the estate, he may make an agreement for the determination and giving up of the lease without joining the coadministrators: Reber v. Gilson, 1 Pa. 54. Where a statute requires a lease for more than one year to be in writing, and when made by an agent requires his authority to be in writing, and another statute provides that where there are more than two executors or administrators, the act of a majority is valid, one of six executors, without any written authority from the others, cannot make a lease for more than one year: Utah Loan & Trust Co. v. Garbutt, 6 Utah, 342, 23 Pac. 758.

## Pledges and Mortgages.

**Pledge of Notes or Bonds.**—The authority of an executor or administrator over the assets of the estate empowers him to pledge, as security for the debts of the estate, its notes or bonds: Bailie v. Kinchley, 52 Ga. 487; Wheeler v. Wheeler, 9 Cow. 34; Appeal of Wood, 92 Pa. 379, 37 Am. Rep. 694.

**Mortgages and Their Release or Payment.**—Where a will directs that the executors shall "exercise their powers jointly," and authorizes them to raise money by a mortgage of the estate, all must unite in executing the instrument, and a note and mortgage made by one alone does not bind the estate: Bank of Port Gibson v. Baugh, 17 Miss. (9 Smedes & M.) 290.

One of two executors may assign a mortgage given to the testator (George v. Baker, 85 Mass. (3 Allen) 326), or a mortgage given to them: Bogert v. Hertell, 4 Hill, 492. The foreclosure of a mortgage may be made by the executors who alone qualify: Alexander v. Rice, 52 Mich. 451, 18 N. W. 214; Steinhardt v. Cunningham, 55 Hun, 375, 8 N. Y. Supp. 627.

Since the acts of one executor in relation to the delivery, gift, sale or release of the testator's personal property are regarded as the acts of all and bind the estate, he may consent that the lien of a mortgage be postponed to the lien of another mortgage: Mutual Life Ins. Co. v. Sturges, 33 N. J. Eq. 328. One of several executors has authority to receive payment of a mortgage and satisfy it: D'Isvilliers v. Abbott, 12 Phila. 462; Fesmire v. Shannon, 143 Pa. 201, 22 Atl. 898; Weir v. Mosher, 19 Miss. 311; or he may release a portion of the mortgaged premises from the lien of a mortgage given to the testator: Stuyvesant v. Hall, 2 Barb. Ch. 151. A mortgage payable to the executors, as such, may be satisfied by one of them: People v. Miner, 37 Barb. 466, 23 How. Pr. 223; although perhaps the case of Pearce v. Savage, 51 Me. 410, may be construed to hold otherwise.